**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____District of Delaware_____
(State)

Case number (*if known*): _____ Chapter 11_____

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available

| | | |
|---|---|---|
| 1. | **Debtor's name** | **PQ New York, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Le Pain Quotidien** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **13-3841022** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **50 Broad Street**<br>Number     Street | Number     Street |
| **12th Floor** | P.O. Box |
| **New York, New York  10004**<br>City                   State         Zip Code | City                   State         Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **New York County**<br>County | Number     Street |
| | City                   State         Zip Code |

5. **Debtor's website** (URL)    **https://www.lepainquotidien.com/us/en/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor    **PQ New York, Inc.**
   Name
                              Case number *(if known)*

---

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes

_____7225_____

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                            MM / DD / YYYY

            District _____   When _____   Case number _____
                                              MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor <u>*See* Schedule 1</u>           Relationship <u>Affiliate</u>

            District <u>Delaware</u>           When    <u>Date hereof</u>
                                                          MM / DD / YYYY

            Case number, if known _____

---

Debtor    **PQ New York, Inc.**    Case number *(if known)*
Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____

        Number     Street

        _____

        City              State     ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

## ▮ Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor    __PQ New York, Inc._____    Case number (*if known*)_____
         Name

**16. Estimated liabilities**

☐ $0-$50,000                    ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000             ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
*Consolidated for all Debtors  ☐ $100,001-$500,000             ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
                               ☐ $500,001-$1 million           ☒ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __5/26/2020____
MM / DD / YYYY

✗ __/s/ Steven J. Fleming_____    Steven J. Fleming_____
Signature of authorized representative of debtor    Printed name

Title __Chief Restructuring Officer_____

**18. Signature of attorney**

✗ __/s/ Mark D. Collins_____    Date __5/26/2020___
Signature of attorney for debtor          MM / DD / YYYY

__Mark D. Collins_____
Printed name

__Richards, Layton & Finger, P.A._____
Firm name

__920 North King Street_____
Number    Street

__Wilmington_____    __Delaware____    __19801____
City                        State            ZIP Code

__(302) 651-7700_____    __collins@rlf.com____
Contact phone                 Email address

__2981_____    __Delaware____
Bar number                                          State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor PQ New York, Inc.

1. PQ New York, Inc.
2. 33rd Street Bakery, Inc.
3. Florence Bakery, Inc.
4. LPQ 14th & K Street, Inc.
5. LPQ 205 Bleecker, Inc.
6. LPQ 85 Broad, Inc.
7. LPQ Aventura, Inc.
8. LPQ Cabin John, Inc.
9. LPQ Claremont, Inc.
10. LPQ Coconut Grove, Inc.
11. LPQ Garden City, Inc.
12. LPQ King & Hudson, Inc.
13. LPQ N. Wells St, Inc.
14. LPQ Naperville, Inc.
15. LPQ North Michigan, Inc.
16. LPQ Pasadena, Inc.
17. LPQ Reston, Inc.
18. LPQ Sailboat Pond, Inc.
19. LPQ South End Ave, Inc.
20. LPQ South Gayley, Inc.
21. LPQ South Lasalle, Inc.
22. LPQ Toluca Lake, Inc.
23. LPQ West 55th & 8th St, Inc.
24. LPQ Woodbury, Inc.
25. PQ 17th Street, Inc.
26. PQ 44th & Madison, Inc.
27. PQ 44th Street, Inc.
28. PQ 53rd Street, Inc.
29. PQ 550 Hudson, Inc.
30. PQ 55th & 1st, Inc.
31. PQ 6th & Olive, Inc.
32. PQ 6th Ave., Inc.
33. PQ 8th & Walnut, Inc.
34. PQ 8th Street, Inc.
35. PQ 933 Broadway, Inc.
36. PQ 97th Street, Inc.

37.   PQ Alexandria, Inc.
38.   PQ Americana, Inc.
39.   PQ Bakery, LLC
40.   PQ Battery Park, Inc.
41.   PQ Bethesda, Inc.
42.   PQ Beverly Hills, Inc.
43.   PQ Blaine Mansion, Inc.
44.   PQ Bleecker, Inc.
45.   PQ Brentwood, Inc.
46.   PQ Bryant Park, Inc.
47.   PQ Calabasas, Inc.
48.   PQ Capitol Hill, Inc.
49.   PQ Carnegie Hill, Inc.
50.   PQ Carroll Square, Inc.
51.   PQ Central Park, Inc.
52.   PQ Chelsea, Inc.
53.   PQ Chevy Chase, Inc.
54.   PQ Clarendon, Inc.
55.   PQ Culver Plaza, Inc.
56.   PQ East 65th St, Inc.
57.   PQ East 77th, Inc.
58.   PQ East 83rd St, Inc.
59.   PQ Encino Bakery, Inc.
60.   PQ First Inc.
61.   PQ French Market, Inc.
62.   PQ Georgetown Inc.
63.   PQ Gold Coast, Inc.
64.   PQ Granary, Inc.
65.   PQ Greenwich, Inc.
66.   PQ Harbor Point, Inc.
67.   PQ Larchmont, Inc.
68.   PQ Lexington, Inc.
69.   PQ Lincoln Park, Inc.
70.   PQ Lincoln Square, Inc.
71.   PQ Manhattan Beach, Inc.
72.   PQ Meatpacking District, Inc.
73.   PQ Melrose, Inc.
74.   PQ Merrifield, Inc.
75.   PQ Mineral Springs, Inc.
76.   PQ Montague, Inc.
77.   PQ Mt. Vernon, Inc.
78.   PQ New Canaan, Inc.
79.   PQ Newport Beach Bakery, Inc.
80.   PQ Operations, Inc.
81.   PQ Park & 33rd, Inc.
82.   PQ Park Slope, Inc.

83. PQ Robertson, Inc.
84. PQ Rye, Inc.
85. PQ San Vicente, Inc.
86. PQ Santa Monica, Inc.
87. PQ Soho, LLC
88. PQ Spring Valley, Inc.
89. PQ Studio City, Inc.
90. PQ The Village at Topanga, Inc.
91. PQ Tribeca, Inc.
92. PQ Tysons Corner, Inc.
93. PQ UN, Inc.
94. PQ Union Square, Inc.
95. PQ Union Station, Inc.
96. PQ Upper West, Inc.
97. PQ Villa Marina, Inc.
98. PQ Walnut Street, Inc.
99. PQ Wayne, Inc.
100. PQ West 72nd, Inc.
101. PQ West 84th, Inc.
102. PQ Westlake, Inc.
103. PQ Wildwood, Inc.
104. Tuxedo Bakery, Inc.
105. Walnut St. Bakery, Inc.

RLF1 22931188v.9

**RESOLUTIONS ADOPTED BY THE UNANIMOUS WRITTEN
CONSENT OF THE BOARD OF DIRECTORS AND SOLE STOCKHOLDER OF
PQ NEW YORK, INC.**

**May 26, 2020**

The undersigned, being the Board of Directors (the "**Board**") and sole stockholder (the "**Sole Shareholder**") of PQ New York, Inc., a Delaware corporation (the "**Company**"), pursuant to Sections 141(f) and 228 of the General Corporation Law of the State of Delaware, DOES HEREBY CONSENT to the adoption of, and DOES HEREBY ADOPT, the following resolutions:

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company and by certain of its wholly-owned subsidiaries (the "**Subsidiaries**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Chapter 11 Case**");

WHEREAS, in the judgment of the Sole Shareholder, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company and by each of the Subsidiaries seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as attorneys for the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of PricewaterhouseCoopers LLP ("**PwC**"), to provide the Company and each of the Subsidiaries with restructuring and interim management services, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, appoint Steven J. Fleming as the Chief Restructuring Officer ("**CRO**") of the Company and each of the Subsidiaries, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in

connection with the Chapter 11 Case, engage the firm of Donlin, Recano & Company, Inc. ("**DRC**"), as claims and noticing agent and administrative advisor for the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of SSG Advisors, LLC ("**SSG**"), as investment banker for the Company and each of the Subsidiaries in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties to enter into and perform under that certain Asset Purchase Agreement (the "**APA**"), by and among the Company, the Subsidiaries, and LPQ USA, LLC (the "**Purchaser**"); and

WHEREAS, in the judgment of the Board, the Company and each of the Subsidiaries require debtor-in possession-financing ("**DIP Financing**") in order to administer the Chapter 11 Case and that entry into that certain Senior Secured Superpriority Debtor-in-Possession Credit and Security Agreement (the "**DIP Facility**") by and among the Company, certain Subsidiaries, each as guarantor, and the Purchaser, is desirable and in the best interests of the Company, its creditors, and other interested parties.

NOW THEREFORE BE IT RESOLVED, that the Company and each of the Subsidiaries shall be, and hereby is, authorized and directed to:  (a) file a voluntary petition (the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Steven J. Fleming is hereby appointed CRO of the Company and each of the Subsidiaries; and it be further

RESOLVED, that Steven J. Fleming and each of the other officers of the Company or members of the Board (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company and each of the Subsidiaries to:  (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such

2

Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to obtain DIP Financing and to enter into one or more debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company and each of the Subsidiaries:  (a) RL&F, as attorneys for the Company and each of the Subsidiaries; (b) PwC, to provide the Company and each of the Subsidiaries with restructuring and interim management services; (c) DRC, as claims and noticing agent and administrative advisor for the Company and each of the Subsidiaries; (d) SSG, as investment banker for the Company and each of the Subsidiaries; and (e) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and it be further

RESOLVED, that the Company shall be, and hereby is, authorized to: (a) enter into the DIP Facility and take all actions necessary and appropriate for the Company to obtain DIP Financing according to the terms negotiated by such Authorized Person, including under one or more loan agreements, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**Financing Transactions**") as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED, that (a) the Company shall be and is authorized to enter into and perform under the APA, pursuant to which the Purchaser will purchase certain assets of the Company and the Subsidiaries and assume certain liabilities of the Company and the Subsidiaries, with such modifications and supplements as may be approved by the Authorized Persons (which approval shall be conclusively evidenced by such person's execution and delivery thereof) (the "**Sale Transaction**") and (b) the Board approves in all respects the form, terms and provisions of the APA and the transactions contemplated thereby, and all

ancillary documents related thereto, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, including any motions filed with the Bankruptcy Court seeking approval of the Sale Transaction; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company and each of the Subsidiaries, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company or any Subsidiary by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Unanimous Written Consent may be executed in one or more counterparts.

[Signature page follows]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board and the Sole Shareholder, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD:**

_____
Name: Matthew R. Kahn
Title: Independent Director

_____
Name: Bruce Revzin
Title: Director

**SOLE SHAREHOLDER:**

**PQ Licensing S.A., a Belgian company**

_____
Name:
Title:

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board and the Sole Shareholder, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD:**

_____
Name: Matthew R. Kahn
Title: Independent Director

*Bruce Revzin*
170607E275EE4A2
Name: Bruce Revzin
Title: Director

**SOLE SHAREHOLDER:**

**PQ Licensing S.A., a Belgian company**

_____
Name:
Title:

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board and the Sole Shareholder, have executed this Unanimous Written Consent as of the date first set forth above.

**BOARD:**

_____
Name: Matthew R. Kahn
Title: Independent Director


_____
Name: Bruce Revzin
Title: Director


**SOLE SHAREHOLDER:**

**PQ Licensing S.A., a Belgian company**

_____
Name:    Yves LIENART,
Title:    Chief Restructuring Officer

**Fill in this information to identify the case:**

Debtor name: PQ New York, Inc.

United States Bankruptcy Court for the: District of Delaware

(State)

Case number (*If known*):

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PQ Licensing, SA Rue des Colonies 11 1000 Brussels, Belgium | Gabrielle Molinier +32 2 545 75 57 gabrielle.molinier@lepainquotidien.com | Intercompany | | | | $69,163,755 |
| 2 | LEESAM REALTY, INC. 19 Woodland Dr. Rye Brook, NY 10573 | David Swerdloff 914-439-7767 dswerdloff@gmail.com | Lease | D | | | $469,732 |
| 3 | US Foods Inc 9399 W Higgins Road Suite 500 Rosemont, IL 60018 | Jim H McCain 480-766-5116  Ext. 0000 NationalAR.Shared@usfoods.com | Vendor | | | | $333,478 |
| 4 | IMPERIAL BAG & PAPER CO., INC 255 ROUTE 1&9 Jersey City, NJ 07306 | Larry Schneider 877-477-7427 Ext. 0000 lschneider@imperialbag.com | Vendor | | | | $295,799 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | HAVI LOGISTICS<br>Lammerdries-Oost 32<br>2250 Olen, Belgium | Kelly Van de Poel<br>+32 14 25 81 11<br>Kelly.VanDePoel@havi.com | Vendor | | | $261,379 |
| 6 | NATURE'S PRODUCE<br>3305 Bandini Blvd<br>PO Box 58366<br>Vernon, CA 90058 | Mike Gatchalian<br>323-235-4343 Ext. 0000<br>mikeg@naturesproduce.com | Vendor | | | $248,525 |
| 7 | ORGANIC VALLEY<br>One Organic Way<br>LaFarge, WI 54639 | Nathan Sullivan<br>608-625-2602<br>nathan.sullivan@organicvalley.coop | Vendor | | | $212,050 |
| 8 | CUISINE SOLUTIONS<br>PO BOX 79525<br>Baltimore, MD 21279-0525 | Donatella Vilgrain<br>703-270-2900 Ext. 0000<br>dvilgrain@cuisinesolutions.com | Vendor | | | $184,772 |
| 9 | GTT COMMUNICATION<br>PO BOX 842630<br>Dallas, TX 75284-2630 | Alison Harris<br>214-972-0273<br>Alison.Harris@gtt.net | Vendor | | | $183,790 |
| 10 | BADGER & WINTERS GROUP, INC<br>49 W 23RD ST, 10TH FL<br>New York, NY 10010 | Jana Perzylo<br>212-533-3222<br>jperzylo@badgerandwinters.com | Vendor | | | $151,500 |
| 11 | CON EDISON<br>JAF STATION<br>PO BOX 1702<br>New York, NY 10116-1702 | 800-752-6633<br>ConEd-bill@emailconed.com | Utility | | | $149,581 |
| 12 | TESTA PRODUCE INC<br>PO BOX 87618<br>DEPT 10222<br>Chicago, IL 60680-0618 | Donna M. Langlois<br>312-455-0078 Ext. 0000<br>ar@testaproduce.com | Vendor | | | $134,628 |
| 13 | L'Atelier Du Pain<br>Pamelstraat Oost 430<br>B – 9400 Ninove, Belgium | Imelda Van Den Steen<br>+32 5 451 59 10<br>imelda@latelierdupain.be | Vendor | | | $131,374 |
| 14 | CHEFS WAREHOUSE<br>PO BOX 30943<br>New York, NY 10087-0944 | Tony Calderone<br>786-618-0623 Ext. 0000<br>TCalderone@chefswarehouse.com | Vendor | | | $123,850 |
| 15 | LECOQ CUISINE CORP.<br>35 UNION AVENUE<br>Bridgeport, CT 06607 | Ming Chin Yiong<br>203-334-1010 Ext. 0000<br>accounting@lecoqcuisine.com | Vendor | | | $117,306 |
| 16 | EVOLUTION FRESH, INC.<br>PO BOX 74008000<br>Chicago, IL 60674-8000 | Kay McCoy<br>206-318-1604 Ext. 0000<br>EFAR@evolutionfresh.com | Vendor | | | $95,896 |

RLF1 22931188v.9

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  White Coffee Corporation 18-35 38th Street Long Island City, NY 11105 | Carlos Nazario 718-204-7900  Ext. 0126 CNazario@WhiteCoffee.com | Vendor | | | | $95,000 |
| 18  KETTLE CUISINE 330 LYNNWAY Lynn, MA 01901 | Jenny Mabon-Spiers 617-409-1115 jspiers@kettlecuisine.com | Vendor | | | | $93,564 |
| 19  CATSMO LLC 25 MYERS ROAD Wallkill, NY 12589 | Renate Glyttov 845-895-2296 renate@solexcatsmo.com | Vendor | | | | $90,320 |
| 20  LORENZO FOOD GROUP, INC 196 Coolidge Ave Englewood, NJ 07631 | John Ohnkeanna 201-868-9088 johnkeanna@lorenzofoodgroup.com | Vendor | | | | $87,041 |

**Fill in this information to identify the case:**

Debtor name:  PQ New York, Inc.

United States Bankruptcy Court  for the:  District of  Delaware
(State)

Case number (*If known*):  _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.
I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐    Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule _____

☑    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/26/2020          **X**   _/s/ Steven J. Fleming_____
         MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                 Steven J. Fleming_____
                                 Printed name

                                 Chief Restructuring Officer_____
                                 Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
```
*In re:*                                     :        **Chapter 11**
                                             :
**PQ NEW YORK, INC.**                        :        **Case No. 20–_____ (      )**
                                             :
                    **Debtor.**              :        (Joint Administration Requested)
```
-------------------------------------------------------- x
```

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents as follows:

- PQ Licensing S.A. ("**PQL**") owns 100% of the equity interests of the Debtor.

- Puccini SCA owns 43.5% of the equity interests in PQL.

- S.A. Compagnie Centrale owns 18.2% of the equity interests in PQL.

- Services Development Management NV ("**SDM**") owns 13.9% of the equity interests in PQL.

- AMITEX, NV owns 11% of the equity interests in PQL.

- Emiel Lathouwers owns 99.9% of the equity interests in SDM

- Bart Van Vooren owns 100% of the equity interests in AMITEX, NV

**Fill in this information to identify the case:**

Debtor name: PQ New York, Inc.

United States Bankruptcy Court  for the:  District of  Delaware

(State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration **Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/26/2020

MM / DD / YYYY

X   */s/ Steven J. Fleming*

Signature of individual signing on behalf of debtor

Steven J. Fleming

Printed name

Chief Restructuring Officer

Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
In re:                              :       Chapter 11
                                    :
PQ NEW YORK, INC.,                  :       Case No. 20–_____ (      )
                                    :
            Debtor.                 :       (Joint Administration Requested)
----------------------------------------------------------- x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following

identifies all holders having a direct ownership interest in the above-captioned debtor and debtor

in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| PQ Licensing S.A. Rue des Colonies 11, Bruxelles, 1000 Belgium | Common Stock | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: PQ New York, Inc.

United States Bankruptcy Court for the: District of Delaware

(State)

Case number (*If known*): _____

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐    Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule _____

☐    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑    Other document that requires a declaration **List of Equity Holders** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/26/2020

MM / DD / YYYY

X    _/s/ Steven J. Fleming_____

Signature of individual signing on behalf of debtor

Steven J. Fleming_____

Printed name

Chief Restructuring Officer_____

Position or relationship to debtor