## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PQ New York, Inc., *et al.*,[1] | Case No. 20-[●] ([●]) |
| Debtors. | (Joint Administration Requested) |

**FIRST OMNIBUS MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF CERTAIN PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY.  PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) OR LEASE(S) ARE SET FORTH IN THE MOTION OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S). IRRESPECTIVE OF THE REJECTION OF THESE LEASES, THE PURCHASER IS VERY INTERESTED IN REACHING A CONSENSUAL AGREEMENT WITH AS MANY LANDLORDS AS POSSIBLE ON RENEGOTIATED LEASE TERMS.  IN THAT REGARD, LANDLORDS ARE URGED AND ENCOURAGED TO CONTACT PURCHASER'S  COUNSEL, KATTEN MUCHIN ROSENMAN LLP, STEVEN REISMAN (SREISMAN@KATTEN.COM, (212) 940-8700) AND/OR CINDI GIGLIO, (CGIGLIO@KATTEN.COM, (212) 940-3828)  SHOULD THEY WISH TO ENGAGE IN DISCUSSIONS TO ENTER INTO A NEW LEASE AGREEMENT WITH PURCHASER.**

PQ New York, Inc. ("**PQ NY**") and certain of its affiliates that are debtors and debtors in

possession (collectively, with PQ NY, the "**Debtors**") in the above-captioned chapter 11 cases

(the "**Chapter 11 Cases**") hereby file this motion (this "**Motion**") for entry of interim and final

orders, under sections 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022.  The mailing address for the debtors is 50 Broad Street, New York, New York 10004.  Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at *www.donlinrecano.com/pqny*.

1532, *et seq.* (the "**Bankruptcy Code**"), and rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing the Debtors to reject certain unexpired leases of non-residential real property for certain premises leased by the Debtors (collectively, the "**Dark Store Leases**") as set forth on **Schedule 1** to the Proposed Orders (as defined herein), (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises (as defined herein), each effective *nunc pro tunc* to the Petition Date (as defined herein), and (iii) granting related relief. This Motion is supported by the *Declaration of Steven J. Fleming in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") filed concurrently herewith.[2] In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2.      Venue of these Chapter 11 Cases and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases for relief under the Bankruptcy Code.  The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

5.      The Debtors are headquartered in New York and, prior to shuttering operations due to the COVID-19 outbreak, operated 98 restaurants in the United States under the trade name Le Pain Quotidien.  Leading up to the Petition Date, the Debtors were forced to shutter all locations and terminate substantially all of their employees primarily due to the circumstances surrounding the COVID-19 pandemic.  The purpose of the Chapter 11 Cases is to consummate a sale (the "**Sale**") of the Debtors' assets to LPQ USA, LLC (the "**Purchaser**"), an affiliate of Aurify Brands, in a transaction that will provide for the reopening of no fewer than thirty-five (35) restaurant locations, create approximately 1,000 jobs, provide for the re-employment of a number of the Debtors' former employees, and continue to serve the Debtors' loyal customers. The proposed Sale enables the Debtors to avoid what otherwise would have been a complete liquidation under chapter 7 of the Bankruptcy Code, thereby maintaining a going-forward business partner and/or tenant for many of the Debtors' vendors and landlords.

6.      Additional information about the Debtors' businesses and affairs and the events leading up to the Petition Date can be found in the First Day Declaration, which is incorporated herein by reference.

**THE DARK STORE LEASES AND THE SALE**

7.      In recent years, the Debtors' financial performance has been affected by:  (i) pressure from increased competition in the Debtors' primary markets; (ii) a decline in sales due to consumer movement away from the Debtors' casual "dine-in" concept, with a preference towards a "grab n' go" concept; (iii) lack of investment at the store level; and (iv) significant turnover at the corporate level.  Accordingly, and as described in more detail in the First Day Declaration, in September 2019 the Company began evaluating potential strategic and restructuring alternatives with regards to its European and U.S. businesses.  In connection with this evaluation, the Debtors engaged various professionals to assist them in exploring and evaluating various strategic alternatives.

8.      With the assistance of their professionals, the Debtors performed a "four-wall" analysis of the Debtors' lease portfolio.  In connection with this analysis, the Debtors identified under-performing stores and developed and assessed the impact of operating with a reduced portfolio of restaurant locations on a going-forward basis.  While the Debtors' restructuring plans contemplated closing certain underperforming locations, by March 22, 2020, the COVID-19 outbreak forced the Debtors to close all of their restaurant locations.

9.      Notwithstanding the closures due to the COVID-19 outbreak, the Company continued its efforts to maximize value both in Europe and in the U.S.  In connection with such efforts, on March 31, 2020, the Debtors retained SSG Advisors, LLC ("**SSG**") to provide investment banking services in connection with the Debtors' last-ditch effort to avoid a complete liquidation and locate a potential going concern acquisition partner.  As described in more detail in the First Day Declaration, the Debtors and SSG conducted a robust marketing process in the U.S., a process which culminated in the execution of that certain Asset Purchase Agreement,

dated as of May 26, 2020 (as the same may be amended or supplemented from time to time, the "**APA**"), by the Debtors and the Purchaser.  The Sale contemplated by the APA avoids what otherwise would have been a complete liquidation of the Debtors' assets and, as noted above, provides for the reopening of no less than thirty-five (35) of the Debtors' restaurants and the potential rehiring of employees at each such location.

10.     Consistent with the APA, the Purchaser has identified a definitive set of real property leases (i.e., the Dark Store Leases), associated with the leased premises identified on **Schedule 1** to the Proposed Orders (the "**Leased Premises**") that will not be assumed and assigned in connection with the Sale.[3]  Therefore, the Debtors, in consultation with the Purchaser, determined that it was more economically efficient to immediately close and physically vacate and surrender such Leased Premises to the applicable landlords (the "**Landlords**") prior to the Petition Date.

11.     Accordingly, in an effort to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgement, the Debtors have determined that rejecting the Dark Store Leases and abandoning any remaining personal property located at the Leased Premises, each effective *nunc pro tunc* to the Petition Date, is in the best interests of the Debtors, the estates, and their creditors.  Notwithstanding, if the landlords of the Dark Store Leases are interested in negotiating rent concessions with the Buyer, they are encouraged to contact Debtors' counsel.

---

[3] Irrespective of the rejection of these leases, the Purchaser is very interested in consensual agreement with as many Landlords as possible on renegotiated lease terms.  In that regard, Landlords are encouraged to contact Purchaser's counsel, Katten Muchin Rosenman LLP, Steven Reisman (sreisman@katten.com, (212) 940-8700) and/or Cindi Giglio (cgiglio@katten.com, (212) 940-3828) should they wish to engage in discussions to enter into a new lease agreement with Purchaser.

RLF1 23481866v.1

## RELIEF REQUESTED

12.    By this Motion, and pursuant to sections 365(a) and 554(a) of the Bankruptcy Code, the Debtors seek entry of an interim order, attached hereto as **Exhibit A** (the "**Interim Order**"), and final order, attached hereto as **Exhibit B** (the "**Final Order**", and together with the Interim Order, the "**Proposed Orders**"), (i) authorizing the Debtors to reject the Dark Store Leases, as set forth on **Schedule 1** to the Proposed Orders, effective *nunc pro tunc* to the Petition Date, (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises, effective *nunc pro tunc* to the Petition Date, and (iii) granting related relief.

## BASIS FOR RELIEF

### A.    Rejection of the Dark Store Leases Is an Exercise of the Debtors' Sound Business Judgment.

13.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The bankruptcy court should approve a debtor's rejection of an executory contract or unexpired lease if such rejection is an exercise of the debtor's sound business judgment, benefits its estate, and is not made in bad faith.  *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (holding the business judgment standard applicable, absent bad faith, whim, or caprice.  In applying the business judgment standard, bankruptcy courts afford great deference

to a debtor's decision to assume or reject leases.  *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14.    Rejecting the Dark Store Leases (to the extent they remained executory on the Petition Date) constitutes a reasonable exercise of the Debtors' sound business judgment.  As noted above, the Purchaser determined that it will not seek assumption and assignment of the Dark Store Leases in connection with the Sale.  Because the Debtors no longer maintain operational restaurants at the Leased Premises and the associated Dark Stores Leases will not be assumed and assigned to the Purchaser, continued compliance with the terms of the Dark Store Leases would be burdensome and would provide no corresponding benefit to the Debtors, their estates, or the stakeholders in these Chapter 11 Cases.  Therefore, immediate rejection of the Dark Store Leases will prevent the estates from incurring unnecessary administrative expenses associated with the Debtors' obligations thereunder.

15.    Moreover, the Debtors reviewed the market value of the Dark Store Leases and determined that further marketing the Dark Store Leases for assignment or sublease to a third party would not generate any significant value for the estates.  The Debtors have therefore determined that the Dark Store Leases constitute an unnecessary drain on their resources, do not provide any benefit to their estates, and are not necessary to their remaining operations or the consummation of the Sale.  The Debtors submit that their decision to reject the Dark Store Leases (to the extent they remained executory on the Petition Date) is an exercise of their sound business judgment and should be approved by the Court.

16.    The Debtors may have claims against the Landlords arising under, or independently of, the Dark Store Leases.  The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Dark Store Leases.

17.    Generally, when a real property lease is rejected any relevant subleases are also deemed rejected by operation of law.  *See Chatlos Sys., Inc. v. Kaplan (In re Chatlos Sys., Inc.)*, 147 B.R. 96, 99-100 (D. Del. 1992) ("When a lease is deemed rejected . . . any subleases under that primary lease must also be deemed rejected since the sublessee's rights in the property extinguish with those of the sublessor."); *Doral Commerce Park, Ltd., v. Teleglobe Commc'ns Corp. (In re Teleglobe Commc'ns Corp.)*, 304 B.R. 79, 84 (Bankr. D. Del. 2004) (holding subtenant's interest in property extinguished by debtor's rejection of primary lease).  Notwithstanding the above, the Debtors request, out of an abundance of caution, that the order approving the Motion authorize and confirm the rejection of any subleases or other agreements that are related to the Dark Store Leases.

18.    The Debtors further request that, consistent with the limitations imposed by section 362 of the Bankruptcy Code and any other applicable law, if any of the Debtors have deposited amounts with any of the Landlords as a security deposit or pursuant to another similar arrangement, or if any of the Landlords owe any of the Debtors any amount pursuant to the Dark Store Leases or other agreements between the same parties, the Landlords shall not be permitted to set-off or otherwise use the amounts from such deposit or other similar arrangement, or other amount owed to the Debtors, without the prior order of the Court.  *See In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 70-72 (Bankr. S.D.N.Y. 2010) (automatic stay prohibits landlord from exercising right to set off on debtor's security deposit); *In re Communicall Cent., Inc.*, 106 B.R. 540, 545 (Bankr. N.D. Ill. 1989) (landlords are required to move for relief from the automatic

stay to exercise right of set off); *In re Inslaw, Inc.*, 81 B.R. 169, 169-70 (Bankr. D.D.C. 1987) (landlord's right to set off may be utilized only after relief from stay is granted).

**B.      The Court Should Approve the Debtors' Abandonment of Remaining Personal Property**

19.      Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *see also Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less than valuable than the cost of asserting that claim."); *In re Contract Research Solutions, Inc.*, No. 12-11004 (KJC), 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.") (citations omitted).  The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) abandonment of the property poses an imminent threat to the public's welfare.  *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant under the facts and circumstances presented here.

20.      Here, although the Debtors vacated the Leased Premises before the Petition Date and believe that they have removed all of their significant owned personal property assets located at the Leased Premises, a minimal amount of the Debtors' personal property may remain (the "**Abandoned Property**").  To the extent that any Abandoned Property remains at the Leased Premises, the Debtors submit that such property is inconsequential to their estates and/or removal or storage of such property exceeds its value and is burdensome to their estates.  Therefore, to the extent that any Abandoned Property remains at the Leased Premises, the Debtors seek authority to immediately abandon such assets.

C.      *Nunc Pro Tunc* **Relief Is Appropriate Under the Circumstances**

21.      Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  Courts have held, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 02 Civ. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").  In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the

10

landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. *In re Namco Cybertainment, Inc.*, No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

22.     Here, the balance of equities favors rejection of the Dark Store Leases *nunc pro tunc* to the Petition Date.  Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to the Dark Store Leases—agreements that provide no benefit to the Debtors' estates in light of their recent cessation of business operations and the Purchaser's decision not to seek assumption and assignment of such Dark Store Leases in connection with the Sale.  *See* 11 U.S.C. § 365(d)(3).  Moreover, the Debtors vacated and surrendered control of the Leased Premises to the applicable Landlords prior to the Petition Date.  Indeed, prior to the Petition Date, (i) the Leased Premises were physically vacated and turned over to the applicable Landlords and (ii) the Debtors notified each Landlord in writing of their unequivocal and irrevocable decision to (a) surrender the Leased Premises and abandon possession to each applicable Landlord and to reject each applicable Dark Store Lease and (b) surrender, abandon and forfeit to the applicable Landlord any and all Abandoned Property located in the Leased Premises.  In addition, the Debtors hereby waive their right to withdraw this Motion absent consent of the applicable Landlords.  Further, the Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the landlords, thereby allowing each party sufficient opportunity to respond accordingly.  The Debtors have sought the

relief requested at the earliest possible moment in these Chapter 11 Cases and do not seek to reject the Dark Store Leases effective *nunc pro tunc* to the Petition Date due to any undue delay on their own part.

23.     Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *BL Restrs. Holding, LLC,* No. 20-10156 (MFW) (Bankr. D. Del. Feb. 28, 2020) (authorizing rejection of unexpired leases effective *nunc pro tunc* to the petition date) *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 15, 2015) (authorizing rejection of executory contracts effective as of specified dates); *In re QCE Fin. LLC*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing rejection of unexpired leases effective *nunc pro tunc* to the petition date); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Feb. 26, 2014) (authorizing rejection of unexpired leases effective *nunc pro tunc* to prior notice date); *In re Prommis Holdings, LLC*, No. 13-10551 (BLS) (Bankr. D. Del. June 14, 2013) (same).

24.     Accordingly, the Debtors respectfully submit that the Court should enter the Proposed Orders authorizing (i) the rejection of the Dark Store Leases and (ii) the Debtors to abandon the Abandoned Property, each effective *nunc pro tunc* to the Petition Date.

### **NECESSITY OF IMMEDIATE RELIEF AND WAIVER OF STAY**

25.     The urgency of the relief requested justifies the Debtors' request for immediate relief.[4]  To ensure the relief requested is implemented immediately, the Debtors request that the Court waive the notice requirements under Bankruptcy Rule 6004(a).  The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale,

---

[4] In addition, the Debtors have filed this Motion seeking entry of the Interim Order in light of the recent decision by the Supreme Court of the United States regarding courts' authority to fashion *nunc pro tunc* relief. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696, 700-01 (2020) (citations omitted).

or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## DEBTORS' RESERVATION OF RIGHTS

26.     Nothing contained herein is intended or should be construed as or deemed to constitute an agreement or admission as to the validity of any claim against the Debtors on any grounds, or a waiver or impairment of the Debtors' rights to dispute any claim on any grounds. The Debtors expressly reserve their rights to contest any claims related to the Dark Store Leases.

## NOTICE

27.     The Debtors will serve notice of this Motion upon: (i) the Office of the United States Trustee; (ii) the Debtors' consolidated list of creditors holding twenty largest unsecured claims; (iii) counsel to Purchaser; (iv) the Landlords; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the District of Delaware; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

28.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order substantially in the form attached hereto as **Exhibit A**, and the Final Order substantially in the form attached hereto as **Exhibit B**, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  May 27, 2020
        Wilmington, Delaware

/s/ Brendan J. Schlauch
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Jason M. Madron (No. 4431)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

14

**Exhibit A**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PQ New York, Inc., *et al.*,[1] | Case No. 20-[●] ([●]) |
| Debtors. | (Jointly Administered) |

**FIRST OMNIBUS INTERIM ORDER**
**(I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF CERTAIN**
**PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE *NUNC PRO TUNC***
**TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of PQ New York, Inc. and certain of its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of interim and final orders, pursuant to sections 365(a), and 554(a) of the Bankruptcy Code, (i) authorizing the Debtors to reject the Dark Store Leases, (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises, each effective *nunc pro tunc* to the Petition Date, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022. The mailing address for the debtors is 50 Broad Street, New York, New York 10004. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at *www.donlinrecano.com/pqny*.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted on an interim basis as set forth herein.

2.      All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      Each of the Dark Store Leases as set forth on **Schedule 1** hereto, including, to the extent applicable, any agreements, amendments, change orders, supplements, waivers, subleases and side letters related thereto, is rejected, effective *nunc pro tunc* to the Petition Date.  The Landlords to the Dark Store Leases are permitted to take whatever steps they deem appropriate to market and re-let the Leased Premises upon the entry of this Interim Order.

4.      Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the Landlords as a security deposit or pursuant to

2

another similar arrangement, or owed to the Debtors by any of the Landlords under the Dark Store

Leases or other agreements between the same parties, without further order of this Court.

5.        The Debtors are authorized to abandon the Abandoned Property, effective *nunc*

*pro tunc* to the Petition Date, and the Landlords may dispose of Abandoned Property on and after

the Petition Date in their sole and absolute discretion without liability to the Debtors or any third

party.

6.        The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7.        The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

8.        Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim

Order shall be effective and enforceable immediately upon entry hereof.

9.        Nothing herein shall prejudice the rights of the Debtors to argue that any of the

Dark Store Leases were terminated prior to the Petition Date; that any claim for damages arising

from the rejection of the Dark Store Leases is limited to the remedies available under any

applicable termination provision of such Dark Store Lease, or that any such claim is an obligation

of a third party and not that of the Debtors or their estates.

10.       The Debtors are hereby authorized to take such actions and to execute such

documents as may be necessary to implement the relief granted by this Interim Order.

11.       A final hearing to consider the relief requested in the Motion shall be held on

**June __, 2020 at ___:____ __.m. (Eastern Time)** and any objections to entry of such order

shall be in writing and filed with this Court by no later than **June __, 2020 at 4:00 p.m.

(Eastern Time)**.

RLF1 23481866v.1

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

## **Schedule 1**

**Dark Store Leases to Be Rejected**

**Schedule 1**

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| 10 East Delaware Condominium Association<br>10 East Delaware Place, Chicago, IL 60611 | PQ Gold Coast, Inc. | 10 East Delaware Condominium, Chicago, IL |
| 1477 Second Corporation<br>1471 Second Avenue # 1, New York, NY 10075 | PQ East 77th, Inc. | 252 East 77th Street, New York, NY 10021 |
| 375 HH, LLC c/o Trinity Wall Street<br>120 Broadway, 38th Floor, New York, NY 10271 | LPQ King & Hudson, Inc. | 375 Hudson St., New York, NY 10014 |
| 523 West 6th Street Property Owner LLC c/o<br>Callahan Capital Properties LLC<br>10 S. Riverside Plaza, Suite 2050, Chicago, IL 60606 | PQ 6th & Olive, Inc. | 523 W 6th Street-Unit R509S, Los Angeles, CA 90017 |
| 975 Carroll Square, LLC<br>199 Fremont Street, Suite 1150, San Francisco, CA 94105 | PQ Carroll Square, Inc. | 975 F Street, NW, Washington , DC 20004 |
| Allan Domb Real Estate<br>1845 Walnut Street, Suite 2200, Philadelphia, PA 19103 | PQ Walnut  Street, Inc. | 1425 Walnut Street, Philadelphia, PA 19103 |
| Ashkenazy Acquisition Corp<br>40 Massachusetts Avenue NE 2 W, Washington DC, 20002 | PQ Union Station, Inc. | 50 Massachusetts Ave., NE #M-100, Washington, DC 20002 |
| Benchmark Real Estate Group, LLC<br>645 Fifth Avenue Suite 1009, New York, NY 10065 | PQ 8th Street, Inc. | 10 5th Ave., New York, NY 10011 |
| Blatteis & Schnur Inc<br>1940 Century Park East #200, Los Angeles, CA 90067 | PQ San Vicente, Inc. | 13050 San Vicente Blvd #114, Los Angeles, CA 90049 |
| Boston Properties<br>599 Lexington Avenue, Suite 1800, New York, NY 10022 | LPQ Reston, Inc. | 11909 Democracy Drive , Reston, VA 20190 |
| Boston Properties<br>599 Lexington Avenue, Suite 1800, New York, NY 10022 | LPQ West 55th & 8th St., Inc. | 252 W 55th Street, New York, NY |
| Cast Iron Corporation c/o Monaco Management Inc.<br>68 Main Street 2nd Floor, Tuckahoe, NY 10707 | PQ Union Square, Inc. | 801 Broadway, New York, NY 10003 |
| CB Armitage, LLC<br>1940 Century Park East, #200, Los Angeles, CA 90067 | PQ Lincoln Park, Inc. | 1000-1002 West Armitage Ave, Chicago, IL 60614 |
| CBRE (formerly US Equities)<br>20 N Michigan, Chicago, IL 60602 | LPQ North Michigan, Inc | 20 North Michigan Avenue Suite 101, Chicago, IL 60602 |

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| CBRE (formerly US Equities)<br>20 N Michigan, Chicago, IL 60602 | PQ French Market, Inc. | 135 North Clinton Street, Chicago, IL 60661 |
| CEI: Cypress Equity Investments<br>12121 Wilshire Blvd., Suite 801, Los Angeles, CA 90025 | LPQ Toluca Lake, Inc. | 4301 W. Riverside Drive, Burbank, CA 91505 |
| Cohen Brothers Realty Corporation<br>750 Lexington Avenue, New York, NY 10022 | PQ Park & 33rd, Inc. | 3 Park Avenue, New York, NY 10016 |
| Department of Parks & Recreation<br>830 5th Av # 407, New York, NY 10065 | PQ West 72nd, Inc.<br>(Verdi Square Kiosk) | 2098 Broadway, New York, NY 10023 |
| Diamond Jim Realty Associates<br>c/o Weinberg Properties<br>551 Madison Ave, New York, NY 10022 | PQ Harbor Point, Inc. | 711 Canal Street, Stamford, NY |
| E K Realty LLC c/o Finsbury Management<br>939 8th Avenue #301, New York, NY 10019 | PQ First Inc. | 1270 First Ave.<br>New York, New York  10021 |
| Edens<br>7200 Wisconsin Avenue, Suite 400, Bethesda, MD 20814 | LPQ Cabin John | 7993 Tuckerman Lane, Potomac, MD 20854 |
| Emmanuel Assoc.<br>212 Warren Street, #12C, New York, NY 10282 | PQ UN, Inc. | 937 2nd Ave, New York, NY 10022 |
| Frost/Chaddock Developers LLC<br>15250 Ventura Blvd #403, Sherman, CA 91403 | PQ Melrose, Inc. | 8607 Melrose Ave, West Hollywood, CA 90069 |
| Gorband Lafayette LP<br>9990 Santa Monica Blvd, Beverly Hills, CA 90212 | PQ Brentwood, Inc. | 11702 Barrington Court, Brentwood, CA 90049 |
| Great Lakes Midwest Management<br>1552 N. Wells St. #2, Chicago, IL 60610 | LPQ N. Wells St., Inc. | 1562 N. Wells St., Chicago, IL 60610 |
| Greystar<br>1901 Callowhill St., Philadelphia, PA 19130 | PQ Granary, Inc | 1937 Callowhill Street, Philadelphia, PA |
| Hampshire Properties c/o Bellaire Square, LLC<br>2329 Nostrand Avenue Suite 500, Brooklyn, NY 11210 | PQ Upper West, Inc. | 2463 Broadway, New York, NY 10025 |
| Henmont LLC c/o Midwood Investment & Development<br>430 Park Avenue Suite 505, New York, NY 10022 | PQ Montague, Inc. | 121 Montague Street , Brooklyn, NY 11201 |
| Jacquelyn Soffer (VP)<br>19501 Biscayne Boulevard, Suite 400, Aventura, FL 33180 | LPQ Aventura, Inc. | 19501 Biscayne Blvd, Aventura, FL |

2

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| Jemal's 701 King LLC c/o Douglas Development Corp<br>702 H Street NW #400, Washington DC,  20001 | PQ Alexandria, Inc. | 701 King Street, Alexandria, VA 22314 |
| Kent Silvers Jr.<br>Two Villanova Center, 795 E. Lancaster Avenue,<br>Villanova, PA 19085 | PQ Wayne, Inc | 223 East Lancaster Ave, Wayne, PA 19087 |
| La Cienega No. 57 LLC c/o Nasa Management<br>11301 W. Olympic Blvd # 206, Los Angeles, CA 90064 | PQ Robertson, Inc. | 320 South Robertson Blvd, Los Angeles, CA 90048 |
| Leesam Realty, Inc c/o David Swerdloff<br>501 7th Avenue #408, New York, NY 10001 | PQ Chelsea, Inc. | 124 7th Ave., New York, NY 10011 |
| Macerich<br>5740 Commons Park, East Syracuse, NY 13057 | PQ Tysons Corner, Inc. | 8101 Tysons Corner Center Suite J18U, Tysons Corner, VA 22102 |
| Macerich<br>5740 Commons Park, East Syracuse, NY 13057 | PQ Tysons Corner<br>(Tysons Corner Kiosk) | 8101 Tysons Corner Center Suites, Tysons Corner, VA |
| Mohammad Esfahani<br>3325 Wilson Blvd., Arlington, VA 22201 | PQ Georgetown, Inc. | 2815 M Street, NW, Washington, DC |
| Naperville Jefferson LLC c/o Excel Property<br>Consulting<br>2 Ethel Road, Suite 205A, Edison, NJ 08817 | LPQ Naperville, Inc. | 204 S. Washington St., Naperville, IL 60540 |
| Plaza 400 Owners Corp.<br>400 East 56th Street, New York, NY 10022 | PQ 55th & 1st, Inc. | 1006 1st Ave., New York, NY 10022 |
| Riverhouse One Rockefeller Park Condominium<br>8 River Terrace, New York, NY 10282 | PQ Battery Park, Inc. | 2 River Terrace, New York, NY 10282 |
| RMR Group<br>Two Newton Place, 255 Washington Street, Newton,<br>MA 02458-1634 | LPQ 14th & K Street, Inc. | 1401 K Street NW  , Washington,  DC 20005 |
| Ruxton Towers LP Alpert & Alpert Development<br>P.O Box 19514, Newark, NJ 07195 | PQ West 72nd, Inc. | 50 West 72nd Street, New York, NY 10023 |
| S.R Partners c/o Hayes & Company<br>1510 Oxley Street Suite A, South Pasadena, CA 91030 | LPQ Pasadena, Inc. | 88 West Colorado Blvd #102, Pasadena, CA 91105 |
| SBP Lexington, LLC<br>2577 Main Street, Lake Placid, NY 12946 | PQ Lexington, Inc. | 833 Lexington Ave., New York, NY 10065 |
| Shulsky Properties<br>307 5th Ave, 17th FL, New York, NY 10016 | LPQ 205 Bleecker, Inc. | 205 Bleecker Street, New York, NY  10012 |
| Simon Property Group<br>225 West Washington Street, Indianapolis, IN 46204 | LPQ Garden City, Inc. | 630 Old Country Road - Room 1024B, Garden City, NY 11530 |

3

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| Simon Property Group<br>225 West Washington Street, Indianapolis, IN 46204 | LPQ Woodbury, Inc. | 498 Red Apple Ct, Suite 195, Central Valley, NY |
| SPI Holdings, LLC<br>88 Kearny St., Suite 1818, San Francisco, CA 94108 | PQ Culver Plaza, Inc. | 9901 Washington Boulevard Suite 102, Los Angeles, CA 90232 |
| T -C WISCONSIN PLACE OWNER, LLC<br>730 Third Avenue, 4th Floor, New York, NY 10017 | PQ Chevy Chase, Inc. | 5310 Western Avenue Suite C, Chevy Chase, MD |
| Thor Equities, LLC<br>25 West 39th St., New York, NY 10018 | PQ 933 Broadway, Inc. | 931 Broadway, New York, NY 10010 |
| Time Equities, Inc.<br>55 5th Ave, 15th Floor, New York, NY 10003 | PQ West 84th St, Inc. | 494 Amsterdam Ave., New York, NY 10024 |
| Washington Real Estate Investment Trust<br>6110 Executive Blvd Suite 800, Rockville, MD 20852 | PQ Spring Valley, Inc. | 4874 Massachusetts Ave, NW, Washington , DC 20016 |
| West Valley Owner LLC<br>2049 Century Park East 41st Floor, Century City, CA 90067 | PQ The Village at Topanga, Inc. | 6256 Topanga Canyon Blvd Suite 1200, Woodland Hills, CA |

4

**<u>Exhibit B</u>**

**Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PQ New York, Inc., *et al.*,[1] | ) | Case No. 20-[●] ([●]) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## FIRST OMNIBUS FINAL ORDER
## (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF CERTAIN
## PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE *NUNC PRO TUNC*
## TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of PQ New York, Inc. and certain of its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of interim and final orders, pursuant to sections 365(a), and 554(a) of the Bankruptcy Code, (i) authorizing the Debtors to reject the Dark Store Leases, (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises, each effective *nunc pro tunc* to the Petition Date, and (iii) granting related relief, all as more fully set forth in the Motion and the Interim Order; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022.  The mailing address for the debtors is 50 Broad Street, New York, New York 10004.  Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at *www.donlinrecano.com/pqny*.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having entered the Interim Order; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted on a final basis, as set forth herein.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      Each of the Dark Store Leases as set forth on **Schedule 1** hereto, including, to the extent applicable, any agreements, amendments, change orders, supplements, waivers, subleases and side letters related thereto, is rejected, effective *nunc pro tunc* to the Petition Date.

4.      Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the Landlords as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the Landlords under the Dark Store Leases or other agreements between the same parties, without further order of this Court.

5.      The Debtors are authorized to abandon the Abandoned Property, effective *nunc pro tunc* to the Petition Date, and the Landlords may dispose of Abandoned Property on and after the Petition Date in their sole and absolute discretion without liability to the Debtors or any third party.

6.      The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

7.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

8.      Nothing in the Motion or this Interim Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

9.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Dark Store Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Dark Store Leases is limited to the remedies available under any applicable termination provision of such Dark Store Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

10.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

RLF1 23481866v.1

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

4

## **Schedule 1**

**Dark Store Leases to Be Rejected**

## Schedule 1

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| 10 East Delaware Condominium Association<br>10 East Delaware Place, Chicago, IL 60611 | PQ Gold Coast, Inc. | 10 East Delaware Condominium, Chicago, IL |
| 1477 Second Corporation<br>1471 Second Avenue # 1, New York, NY 10075 | PQ East 77th, Inc. | 252 East 77th Street, New York, NY 10021 |
| 375 HH, LLC c/o Trinity Wall Street<br>120 Broadway, 38th Floor, New York, NY 10271 | LPQ King & Hudson, Inc. | 375 Hudson St., New York, NY 10014 |
| 523 West 6th Street Property Owner LLC c/o<br>Callahan Capital Properties LLC<br>10 S. Riverside Plaza, Suite 2050, Chicago, IL 60606 | PQ 6th & Olive, Inc. | 523 W 6th Street-Unit R509S, Los Angeles, CA 90017 |
| 975 Carroll Square, LLC<br>199 Fremont Street, Suite 1150, San Francisco, CA 94105 | PQ Carroll Square, Inc. | 975 F Street, NW, Washington , DC 20004 |
| Allan Domb Real Estate<br>1845 Walnut Street, Suite 2200, Philadelphia, PA 19103 | PQ Walnut  Street, Inc. | 1425 Walnut Street, Philadelphia, PA 19103 |
| Ashkenazy Acquisition Corp<br>40 Massachusetts Avenue NE 2 W, Washington DC, 20002 | PQ Union Station, Inc. | 50 Massachusetts Ave., NE #M-100, Washington, DC 20002 |
| Benchmark Real Estate Group, LLC<br>645 Fifth Avenue Suite 1009, New York, NY 10065 | PQ 8th Street, Inc. | 10 5th Ave., New York, NY 10011 |
| Blatteis & Schnur Inc<br>1940 Century Park East #200, Los Angeles, CA 90067 | PQ San Vicente, Inc. | 13050 San Vicente Blvd #114, Los Angeles, CA 90049 |
| Boston Properties<br>599 Lexington Avenue, Suite 1800, New York, NY 10022 | LPQ Reston, Inc. | 11909 Democracy Drive , Reston, VA 20190 |
| Boston Properties<br>599 Lexington Avenue, Suite 1800, New York, NY 10022 | LPQ West 55th & 8th St., Inc. | 252 W 55th Street, New York, NY |
| Cast Iron Corporation c/o Monaco Management Inc.<br>68 Main Street 2nd Floor, Tuckahoe, NY 10707 | PQ Union Square, Inc. | 801 Broadway, New York, NY 10003 |
| CB Armitage, LLC<br>1940 Century Park East, #200, Los Angeles, CA 90067 | PQ Lincoln Park, Inc. | 1000-1002 West Armitage Ave, Chicago, IL 60614 |
| CBRE (formerly US Equities)<br>20 N Michigan, Chicago, IL 60602 | LPQ North Michigan, Inc | 20 North Michigan Avenue Suite 101, Chicago, IL 60602 |

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| CBRE (formerly US Equities)<br>20 N Michigan, Chicago, IL 60602 | PQ French Market, Inc. | 135 North Clinton Street, Chicago, IL 60661 |
| CEI: Cypress Equity Investments<br>12121 Wilshire Blvd., Suite 801, Los Angeles, CA 90025 | LPQ Toluca Lake, Inc. | 4301 W. Riverside Drive, Burbank, CA 91505 |
| Cohen Brothers Realty Corporation<br>750 Lexington Avenue, New York, NY 10022 | PQ Park & 33rd, Inc. | 3 Park Avenue, New York, NY 10016 |
| Department of Parks & Recreation<br>830 5th Av # 407, New York, NY 10065 | PQ West 72nd, Inc.<br>(Verdi Square Kiosk) | 2098 Broadway, New York, NY 10023 |
| Diamond Jim Realty Associates<br>c/o Weinberg Properties<br>551 Madison Ave, New York, NY 10022 | PQ Harbor Point, Inc. | 711 Canal Street, Stamford, NY |
| E K Realty LLC c/o Finsbury Management<br>939 8th Avenue #301, New York, NY 10019 | PQ First Inc. | 1270 First Ave.<br>New York, New York  10021 |
| Edens<br>7200 Wisconsin Avenue, Suite 400, Bethesda, MD 20814 | LPQ Cabin John | 7993 Tuckerman Lane, Potomac, MD 20854 |
| Emmanuel Assoc.<br>212 Warren Street, #12C, New York, NY 10282 | PQ UN, Inc. | 937 2nd Ave, New York, NY 10022 |
| Frost/Chaddock Developers LLC<br>15250 Ventura Blvd #403, Sherman, CA 91403 | PQ Melrose, Inc. | 8607 Melrose Ave, West Hollywood, CA 90069 |
| Gorband Lafayette LP<br>9990 Santa Monica Blvd, Beverly Hills, CA 90212 | PQ Brentwood, Inc. | 11702 Barrington Court, Brentwood, CA 90049 |
| Great Lakes Midwest Management<br>1552 N. Wells St. #2, Chicago, IL 60610 | LPQ N. Wells St., Inc. | 1562 N. Wells St., Chicago, IL 60610 |
| Greystar<br>1901 Callowhill St., Philadelphia, PA 19130 | PQ Granary, Inc | 1937 Callowhill Street, Philadelphia, PA |
| Hampshire Properties c/o Bellaire Square, LLC<br>2329 Nostrand Avenue Suite 500, Brooklyn, NY 11210 | PQ Upper West, Inc. | 2463 Broadway, New York, NY 10025 |
| Henmont LLC c/o Midwood Investment & Development<br>430 Park Avenue Suite 505, New York, NY 10022 | PQ Montague, Inc. | 121 Montague Street , Brooklyn, NY 11201 |
| Jacquelyn Soffer (VP)<br>19501 Biscayne Boulevard, Suite 400, Aventura, FL 33180 | LPQ Aventura, Inc. | 19501 Biscayne Blvd, Aventura, FL |

2

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| Jemal's 701 King LLC c/o Douglas Development Corp<br>702 H Street NW #400, Washington DC,  20001 | PQ Alexandria, Inc. | 701 King Street, Alexandria, VA 22314 |
| Kent Silvers Jr.<br>Two Villanova Center, 795 E. Lancaster Avenue,<br>Villanova, PA 19085 | PQ Wayne, Inc | 223 East Lancaster Ave, Wayne, PA 19087 |
| La Cienega No. 57 LLC c/o Nasa Management<br>11301 W. Olympic Blvd # 206, Los Angeles, CA 90064 | PQ Robertson, Inc. | 320 South Robertson Blvd, Los Angeles, CA 90048 |
| Leesam Realty, Inc c/o David Swerdloff<br>501 7th Avenue #408, New York, NY 10001 | PQ Chelsea, Inc. | 124 7th Ave., New York, NY 10011 |
| Macerich<br>5740 Commons Park, East Syracuse, NY 13057 | PQ Tysons Corner, Inc. | 8101 Tysons Corner Center Suite J18U, Tysons Corner, VA 22102 |
| Macerich<br>5740 Commons Park, East Syracuse, NY 13057 | PQ Tysons Corner<br>(Tysons Corner Kiosk) | 8101 Tysons Corner Center Suites, Tysons Corner, VA |
| Mohammad Esfahani<br>3325 Wilson Blvd., Arlington, VA 22201 | PQ Georgetown, Inc. | 2815 M Street, NW, Washington, DC |
| Naperville Jefferson LLC c/o Excel Property<br>Consulting<br>2 Ethel Road, Suite 205A, Edison, NJ 08817 | LPQ Naperville, Inc. | 204 S. Washington St., Naperville, IL 60540 |
| Plaza 400 Owners Corp.<br>400 East 56th Street, New York, NY 10022 | PQ 55th & 1st, Inc. | 1006 1st Ave., New York, NY 10022 |
| Riverhouse One Rockefeller Park Condominium<br>8 River Terrace, New York, NY 10282 | PQ Battery Park, Inc. | 2 River Terrace, New York, NY 10282 |
| RMR Group<br>Two Newton Place, 255 Washington Street, Newton,<br>MA 02458-1634 | LPQ 14th & K Street, Inc. | 1401 K Street NW  , Washington,  DC 20005 |
| Ruxton Towers LP Alpert & Alpert Development<br>P.O Box 19514, Newark, NJ 07195 | PQ West 72nd, Inc. | 50 West 72nd Street, New York, NY 10023 |
| S.R Partners c/o Hayes & Company<br>1510 Oxley Street Suite A, South Pasadena, CA 91030 | LPQ Pasadena, Inc. | 88 West Colorado Blvd #102, Pasadena, CA 91105 |
| SBP Lexington, LLC<br>2577 Main Street, Lake Placid, NY 12946 | PQ Lexington, Inc. | 833 Lexington Ave., New York, NY 10065 |
| Shulsky Properties<br>307 5th Ave, 17th FL, New York, NY 10016 | LPQ 205 Bleecker, Inc. | 205 Bleecker Street, New York, NY  10012 |
| Simon Property Group<br>225 West Washington Street, Indianapolis, IN 46204 | LPQ Garden City, Inc. | 630 Old Country Road - Room 1024B, Garden City, NY 11530 |

RLFI 23476449v.3

| Landlord Name / Address | Lease Counterparty | Address of Subject Property |
|---|---|---|
| Simon Property Group<br>225 West Washington Street, Indianapolis, IN 46204 | LPQ Woodbury, Inc. | 498 Red Apple Ct, Suite 195, Central Valley, NY |
| SPI Holdings, LLC<br>88 Kearny St., Suite 1818, San Francisco, CA 94108 | PQ Culver Plaza, Inc. | 9901 Washington Boulevard Suite 102, Los Angeles, CA 90232 |
| T -C WISCONSIN PLACE OWNER, LLC<br>730 Third Avenue, 4th Floor, New York, NY 10017 | PQ Chevy Chase, Inc. | 5310 Western Avenue Suite C, Chevy Chase, MD |
| Thor Equities, LLC<br>25 West 39th St., New York, NY 10018 | PQ 933 Broadway, Inc. | 931 Broadway, New York, NY 10010 |
| Time Equities, Inc.<br>55 5th Ave, 15th Floor, New York, NY 10003 | PQ West 84th St, Inc. | 494 Amsterdam Ave., New York, NY 10024 |
| Washington Real Estate Investment Trust<br>6110 Executive Blvd Suite 800, Rockville, MD 20852 | PQ Spring Valley, Inc. | 4874 Massachusetts Ave, NW, Washington , DC 20016 |
| West Valley Owner LLC<br>2049 Century Park East 41st Floor, Century City, CA 90067 | PQ The Village at Topanga, Inc. | 6256 Topanga Canyon Blvd Suite 1200, Woodland Hills, CA |

4