**Exhibit B**

**Form of Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                          )
In re:                                                  )      Chapter 11
                                                          )
PQ New York, Inc., *et al.*,[1]                )      Case No. 20-11266 (JTD)
                                                          )
                                                          )      (Jointly Administered)
                        Debtors.              )
_____)

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE COSTS**

PLEASE TAKE NOTICE THAT:

1. The above-captioned debtors (collectively, the "**Debtors**" or "**Sellers**") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on May 27, 2020 (the "**Petition Date**").

2. On the Petition Date, the Debtors filed a motion (the "**Sale Motion**")[2] with the Court seeking, among other things, (a) authority to enter that certain Asset Purchase Agreement, dated as of May 26, 2020 (as the same may be amended or supplemented from time to time, the "**APA**") by and between the Debtors and LPQ USA, LLC ("**LPQ US**" or the "**Buyer**"), an affiliate of Aurify Brands ("**Aurify Brands**"); (b) approval of the sale (the "**Sale**") of the Purchased Assets to the Buyer pursuant to the terms and conditions of the APA; (c) assumption and assignment of certain executory contracts ("**Contracts**") and unexpired leases ("**Leases**"); and (d) scheduling the hearing (the "**Sale Hearing**") to enter an order approving the Sale to the Buyer (the "**Sale Order**") for **June [__], 2020 at [__]:00 [_].m. (prevailing Eastern Time)**.

3. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A CONTRACT OR LEASE THAT MAY BE ASSUMED AND ASSIGNED TO THE BUYER AS PART OF THE SALE.** If the Debtors assume and assign a Contract or Lease to which you are a party, on the Closing Date, or such later date as described below, you will be paid the amount the

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022. The mailing address for the debtors is 50 Broad Street, New York, New York 10004. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at *www.donlinrecano.com/pqny*.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Sale Motion.

Debtors' records reflect is owing for any arrearages as of the Closing Date (such amount being the "**Cure Cost**"). A schedule listing the Contracts and Leases that may potentially be assumed and assigned as part of the Sale, and the proposed Cure Cost for each Contract and Lease, is attached hereto as Exhibit 1 (the "**Contracts List**") and may also be viewed free of charge on the Debtors' case information website, located at *www.donlinrecano.com/pqny* (the "**Case Management Website**"). *Each Cure Cost listed on the Contracts List represents all liabilities of any nature of the Debtors arising under a Contract or Lease prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such Contract or Lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Closing of the Sale or such later date of the assumption and assignment of such Contract or Lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such Contract or Lease.*.

4.  *The presence of a Contract or Lease on the Contracts List attached hereto as Exhibit 1 does not constitute an admission that such Contract or Lease is an executory contract or unexpired lease or that such Contract or Lease will be assumed and assigned as part of the Sale. The Debtors and the Buyer reserve all of their rights, claims and causes of action with respect to the Contracts and Leases listed on the Contracts List attached hereto as Exhibit 1.* In addition, under the terms of the APA, at any time until two (2) days prior to the date of the Sale Hearing, the Buyer may remove a Contract or Lease from the schedule 2.6(a) attached to the APA setting forth the Contracts and Leases (the "**Assumed Contracts**") that will be assumed and assigned to Buyer.

5.  Objections to the proposed assumption and assignment of a Contract or Lease (an "**Assumption and Assignment Objection**"), including any objection relating to the Cure Cost or adequate assurance of the Buyer's future ability to perform under the Contract or Lease must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes is required to cure defaults under the relevant Contract or Lease, (d) be filed by no later than **June [__], 2020, at 4:00 p.m. (prevailing Eastern Time)** and (e) be served on (i) proposed counsel for the Debtors: Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, collins@rlf.com, and Michael J. Merchant, merchant@rlf.com; (ii) counsel to the Buyer: Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven J. Reisman, sreisman@katten.com, and Cindi M. Giglio, cgiglio@katten.com; and (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Timothy J. Fox, timothy.fox@usdoj.gov (collectively, the "**Assumption and Assignment Objection Notice Parties**"). In the event that any previously-stated Cure Cost is modified, the Debtors will promptly serve a supplemental assumption and assignment notice, by overnight mail and, if known, e-mail, on the applicable Counterparty.

2

6. Information regarding the Buyer's ability to provide adequate assurance of future under a Contract or Lease is available by contacting counsel to the Buyer using the contact information set forth in paragraph 5 above.

7. The Court will hear and determine any Assumption and Assignment Objections at the Sale Hearing or such other date that the Debtors and the Buyer shall determine in their discretion with notice to the party having filed the Assumption and Assignment Objection (subject to the Court's calendar).

8. Upon objection by the non-debtor Contract or Lease counterparty to the Cure Costs asserted by the Debtors with regard to any Contract or Lease (such contract, a "**Disputed Contract/Lease**"), the Debtors, with the consent of the Buyer, shall either settle the objection of such party or shall litigate such objection under such procedures as the Bankruptcy Court shall approve and proscribe.  In no event shall any the Debtors settle a Cure Costs objection with regard to any Purchased Contract without the express written consent of the Buyer (with an email consent being sufficient).  In the event that a dispute regarding the Cure Costs with respect to a Contract or Lease has not been resolved as of the Closing Date, and provided all other closing conditions under the APA have been met, the Debtors and the Buyer shall nonetheless remain obligated to consummate the Contemplated Transactions.  Upon entry of an Order determining any Cure Costs regarding any Disputed Contract/Lease after the Closing (the "**Disputed Contract Order**"), the Buyer shall have five (5) days from the entry of the Disputed Contract Order to confirm whether such Contract or Lease will be assumed and assigned in accordance with the APA; provided, however, that if Buyer does not designate such Contract or Lease for assumption within five (5) days from entry of the Disputed Contract Order, such Contract or Lease shall automatically be deemed an Excluded Contract for all purposes under the APA.  Any Cure Costs associated with any Purchased Contract or any Disputed Contract/Lease which becomes a Purchased Contract shall be paid in accordance with the terms of the APA.

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*UNLESS YOU FILE AN OBJECTION TO THE CURE COST AND/OR THE ASSUMPTION OR ASSIGNMENT OF YOUR CONTRACT OR LEASE IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE (A) BARRED FROM OBJECTING TO THE CURE COST SET FORTH ON EXHIBIT 1, (B) ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE COST AGAINST THE DEBTORS OR THE BUYER THAT IS GREATER THAN THE CURE COST SET FORTH ON EXHIBIT 1 AND (C) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND/OR ASSIGNMENT OF YOUR CONTRACT OR LEASE.*

## OBTAINING ADDITIONAL INFORMATION

Copies of the Sale Motion and the Sale Order, as well as all related exhibits, including the APA and all other documents filed with the Court, are available free of charge on the Case Management Website.  This notice and the Sale Hearing are subject to the fuller terms and

conditions of the Sale Order, which shall control in the event of any conflict, and the Debtors and the Buyer encourage parties-in-interest to review such documents in their entirety.

Dated: _____, 2020
      Wilmington, Delaware

                        **RICHARDS, LAYTON & FINGER, P.A.**
                        Mark D. Collins (No. 2981)
                        Michael J. Merchant (No. 3854)
                        Jason M. Madron (No. 4431)
                        Brendan J. Schlauch (No. 6115)
                        One Rodney Square
                        920 North King Street
                        Wilmington, Delaware 19801
                        Telephone: (302) 651-7700
                        Facsimile: (302) 651-7701

                        *Proposed Counsel to the Debtors*
                        *and Debtors in Possession*