**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **PQ New York, Inc., *et al.*[1]** | **Case No. 20-11266-JTD** |
| **Debtors.** | **(Jointly Administered)** |

**NOTICE OF (I) APPROVAL OF SOLICITATION AND VOTING PROCEDURES
AND (II) HEARING TO CONSIDER APPROVAL OF DISCLOSURE
STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE THAT**, on August 24, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court")[2] entered an Order granting the Motion of the Debtors and the Official Committee of Unsecured Creditors (i) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement (as may be modified, amended, or supplemented from time to time, the "Plan"), (ii) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (iii) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (iv) Approving the Notice Provisions (the "Solicitation Procedures Order"). A free copy of the Solicitation Procedures Order is available on the Debtors' website at https://www.donlinrecano.com/Clients/pqny/Index.

**A.     The Voting Record Date.**

The Court has approved August 24, 2020, as the record date for purposes of determining which Holders of Claims in Classes 3 and 4 (the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

**B.     The Voting Deadline.**

The Court has approved September 18, 2020 at 4:00 p.m. (prevailing Eastern Time) as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all ballots ("Ballots") must be properly executed, completed, and returned or delivered by:

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022. The mailing address for the debtors is 50 Broad Street, New York, New York 10004. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' voting agent at www.donlinrecano.com/pqny.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Plan.

(1) first class mail; (2) overnight courier; or (3) personal delivery so that they are actually received, in any case, no later than the Voting Deadline by Donlin, Recano & Company, Inc. (the "<u>Voting Agent</u>"). All Ballots returned by mail or personal delivery should be sent to:

| <u>If by Hand Delivery or Overnight Mail</u> | <u>If by First Class Mail</u> |
|---|---|
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: PQ New York, Inc. et al. | Re: PQ New York, Inc. et al. |
| Attn: Voting Department | Attn: Voting Department |
| 6201 15th Ave | P.O. Box 199043 Blythebourne Station |
| Brooklyn, NY 11219 | Brooklyn, NY 11219 |

Alternatively, Ballots may be submitted via an electronic Ballot through the Voting Agent's online electronic Ballot submission portal at https://www.donlinrecano.com/Clients/pqny/vote **by no later than the Voting Deadline.**

**C.     Form, Content, and Manner of Notices.**

　　1.     <u>The Solicitation Package.</u>

The following materials shall constitute the solicitation package (the "<u>Solicitation Package</u>"):
    a. a copy of these Solicitation and Voting Procedures;
    b. the Solicitation Procedures Order (without exhibits);
    c. the applicable form of Ballot, in substantially the form of Ballots attached as Exhibit 2 to the Solicitation Procedures Order, as applicable, including a pre-paid, pre-addressed return envelope;
    d. a cover letter, in substantially the form attached as Exhibit 6 to the Solicitation Procedures Order, describing the contents of the Solicitation Package and urging the Holders of Claims or Interests in each of the Voting Classes to vote to accept the Plan;
    e. the Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed By the Debtors and Related Voting and Objection Deadlines, (the "<u>Confirmation Hearing Notice</u>") in substantially the form attached as Exhibit 7 to the Solicitation Procedures Order;
    f. the Plan; and
    g. any additional documents that the Court has ordered to be made available.

　　2.     <u>Distribution of the Solicitation Package.</u>

The Solicitation Package shall provide the Plan, Solicitation Procedures Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format (CD-ROM or flash drive), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format may contact request a copy by contacting the Plan Proponents' counsel in writing; (b) visiting the Debtors' Case restructuring website at https://www.donlinrecano.com/Clients/pqny/Index.  The Plan Proponents shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in

2

this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Plan Proponents shall cause the commencement of the mailing of the Solicitation Package to all Holders of Claims in the Voting Classes on or before August 26, 2020 who are entitled to vote, as described in section D below.

To avoid duplication and reduce expenses, the Plan Proponents will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3. <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event</u>.

   a. If a Claim in a Voting Class is subject to an objection that is filed with the Court on or prior to seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a Disputed Claim Notice substantially in the form annexed as Exhibit 5 to the Solicitation Procedures Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.
   b. If a Claim in a Voting Class is subject to an objection that is filed with the Court on or prior to September 21, 2020 at 4:00 p.m. (prevailing Eastern Time) the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.
   c. A "Resolution Event" means the occurrence of one or more of the following events no later than September 21, 2020 at 4:00 p.m. (prevailing Eastern Time):
      i. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;
      ii. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;
      iii. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or
      iv. the pending objection is voluntarily withdrawn by the objecting party.
   d. No later than one business day following the occurrence of a Resolution Event, the Debtors shall cause the Voting Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

3

4. Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan, substantially in the form annexed as Exhibit 4 to the Solicitation Procedures Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan, substantially in the form annexed as Exhibit 4 to the Solicitation Procedures Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). In addition, Holders of Claims or Interests in the classes deemed to reject the Plan will also receive the Disclosure Statement (together with the Plan attached as Exhibit A thereto).

**D.    Voting and Tabulation Procedures.**

1. Holders of Claims or Interests Entitled to Vote.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a. Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Court on or prior to September 21, 2020 at 4:00 p.m. (prevailing Eastern Time) pending a Resolution Event as provided herein; provided that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court;

b. Holders of Claims that are listed in the Schedules, provided that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in section C(3) of these Solicitation and Voting Procedures;

c. Holders whose Claims arise:
(i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court;
(ii) from an order entered by the Court; or

      (iii)    from a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

  d.    Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

  e.    with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2. <u>Establishing Claim Amounts for Voting Purposes</u>.

Holders of Class 3 (Convenience Unsecured Claims) and Class 4 (General Unsecured Claims) shall be entitled to vote the amount of its Claim Allowed in accordance with the procedures set forth below.[3] In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

  a.    the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court; (ii) set forth in an order of the Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

  b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

  c.    the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; provided, however, that Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim (for example, a claim based on litigation) or in a wholly-unliquidated or unknown amount that is not the subject of a pending objection, based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or their advisors, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; provided, further, however, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court referenced in subparagraph (a) above, the Claim amount in the document

---

[3] The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Voting Agent, as applicable, are not binding for purposes of allowance and distribution.

                filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

    d.     the Claim amount listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is liquidated in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes; provided, however, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

    e.     Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

    f.     Claims that have been paid or otherwise satisfied are disallowed for voting purposes;

    g.     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

    h.     in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes. If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

    i.     General Unsecured Claims of more than $2,500 are presumed to be Class 4 Claims but, pursuant to the Solicitation Procedures Order and the terms of the Plan, Holders of Class 4 Claims (*i.e.*, unsecured Claims of more than $2,500) may elect to be treated as a Class 3 Claim for voting purposes and substantive treatment under the Plan. PLEASE NOTE: such election will affect the treatment of the Claim, as set forth in the Plan, including (i) so long as the Claim is not subject to a pending objection on the Effective Date, it will be Allowed in the amount of $2,500 on the Effective Date, and (ii) the Holder of the Claim will receive a distribution in full and complete satisfaction on account of such Claim on the Effective Date or as shortly thereafter as it practicable. In the event that a Class 3 Claim, including a Class 4 Claim that elects to be treated as a Class 3 Claim, is the subject of any objection on the Effective Date, the Holder of the Claim will receive a distribution in full and complete satisfaction on account of such Claim on once such objection has been resolved. **Any election to by a holder of a Class 4 Claim to be treated as a Class 3 Convenience Claim will be irrevocable after September 18, 2020 at 4:00 p.m. (prevailing Eastern Time).**

3.     Voting and Ballot Tabulation Procedures. The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive, any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

a. except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b. the Voting Agent will date-stamp all Ballots when received. The Voting Agent shall retain the original Ballots of hard copy Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

c. the Debtors will file with the Court no later than September 23, 2020, a voting report (the "Voting Report"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged ("Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to such Irregular Ballots;

d. the method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Voting Agent actually receives the executed Ballot;

e. each Ballot has to be executed by the Entity submitting such Ballot. Delivery of a Ballot to the Voting Agent by facsimile, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

f. no Ballot should be sent to the Debtors, the Debtors' agents (other than the Voting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g. if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

h. Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests within the same Class, the Debtor may, in their discretion, aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes; i. a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

i. the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either

7

j.    before or after the close of voting, and any such waivers will be documented in the Voting Report;

j.    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

k.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

l.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

m.    subject to any contrary order of the Court, the Plan Proponents reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the Plan Proponents' opinion, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report;

n.    if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

p.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Irregular Ballot; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the online balloting portal will be deemed to be an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.    after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Plan Proponents;

r.    the Plan Proponents are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

s.    where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim or Interest will be: (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan. In the event that: (x) a Ballot, (y) a group of Ballots within a Voting Class received from a

    single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

 t. the ballot of any Holder of a Class 4 Claim that elects to be treated as a Class 3 (Convenience) Claim will be treated as a Class 3 Claim for voting purposes

**E. Objections to Plan Confirmation and Confirmation Hearing Date.**

The deadline for filing objections to the Plan is **on or before September 21, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be actually received prior to the Plan Objection Deadline: (a) counsel to the Debtors: Mark D. Collins, Esquire and Jason M. Madron, Esquire at Collins@rlf.com and Madron@rlf.com, respectively (b) counsel to the Committee, Robert J. Gayda, Esquire and Jeffrey R. Waxman, Esquire at gayda@sewkis.com and jwaxman@morrisjames.com, respectively; and (c) counsel to the Office of the United States Trustee, Timothy Fox, Jr., Esquire at Timothy.Fox@usdoj.gov.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **September 25, 2020 at 10:00 a.m. (prevailing Eastern Time)**, before the Honorable John T. Dorsey, in the United States Bankruptcy Court for the District of Delaware. **PLEASE NOTE THAT**, due to COVID-19, it is unclear at this time whether the Confirmation Hearing will be held in person or through telephonic and/or video appearance. All parties should contact the Debtors' counsel or check with the Debtors' website at https://www.donlinrecano.com/Clients/pqny/Index on or prior to **September 18, 2020** to check whether the hearing will go forward in person or by remote means.

PLEASE BE ADVISED: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII CONTAINS A THIRD PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**F. Amendments to the Plan and Solicitation and Voting Procedures.**

  The Plan Proponents reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover

Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

| | |
|---|---|
| Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Jason M. Madron (No. 4431)<br>Brendan J. Schlauch (No. 6115)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Email: collins@rlf.com<br>Email: merchant@rlf.com<br>Email: madron@rlf.com<br>Email: schlauch@rlf.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* | Jeffrey R. Waxman (No. 4159)<br>Eric J. Monzo (No. 5214)<br>Brya M. Keilson (No. 4643)<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Email: jwaxman@morrisjames.com<br>Email: emonzo@morrisjames.com<br>Email: bkeilson@morrisjames.com<br><br>-and-<br><br>Robert J. Gayda, Esquire<br>Catherine V. LoTempio, Esquire<br>SEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>Email: gayda@sewkis.com<br>Email: lotempio@sewkis.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |