## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PQ New York, INC., *et al.*,[1] | Case No. 20-11266 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: September 18, 2020 at 4:00 p.m.**<br>**Hearing Date: September 25, 2020 at 10:00 a.m.** |

## DEBTORS' MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

PQ New York, Inc. ("PQ NY") and certain of its affiliates that are debtors and debtors in possession (collectively, with PQ NY, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby file this motion (this "Motion") for entry of an order (the "Proposed Order") pursuant to section 362 of the Bankruptcy Code, and substantially in the form attached hereto as **Exhibit A**, (i) modifying the automatic stay to allow the Debtors' insurance company, to immediately, commence payment of the outstanding and ongoing defense costs and fees that Debtors have incurred and are incurring in ongoing employment litigation cases in favor of Fisher & Phillips LLP ("F&P") (ii) granting such other and further relief as this Court deems just and proper. In support of this Motion, the Debtors respectfully state as follows:

### BACKGROUND

1.      On May 27, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases for relief under the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their

---

[1] The last four digits of PQ New York, Inc.'s federal tax identification number are 1022. The mailing address for the debtors is PQ New York, Inc., c/o 33rd Street Bakery, Inc., 43-27 33rd Street, Long Island City, New York 11101. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at *www.donlinrecano.com/pqny*.

businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases. On June 11, 2020, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed a three member official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases. *See* D.I. 323 & 326.

3.    On the Petition Date, the Debtors had five pending Title III Americans with Disabilities Act Access cases (the "ADA cases"). In these cases the Debtors have been represented by F&P. Concerning the ADA cases, one of them was settled and one of them was dismissed.  The other three ADA cases are still pending before the US District Court, Central District in Los Angeles and have been stayed.[2] upon F&P filing of a notice about the commencement of the bankruptcy case.

4.    F&P provides legal services to the Debtors, its parents, subsidiaries, affiliates, and any officers, directors, and employees named as defendants with its nationwide, single plaintiff employment actions.

5.    Zurich American Insurance Company, the Debtors' insurance company ("Zurich") has expressed a willingness to pay the outstanding defense costs and fees and advance defense costs and fees to F&P related to the ADA cases, according to the terms of the insurance policies maintained with the Debtors, but only upon the entry of an order that grants relief from the automatic stay with the sole purpose to allow such payments to be made.

6.    The Debtors and F&P believe that payment of defense costs and fees could be completed in the ordinary course of business, but in an excess of caution, and at the Zurich's request, have filed this motion. Confirming the Debtors' insurance company ability to pay such

---

[2] F&P filed a notice apprising the Court of the bankruptcy.

defense costs and fees is in the best interests of the Debtors' estates and creditors because the amounts are due and payable from insurance proceeds that are not part of the Debtors' estate. Thus, granting the relief requested by this Motion is unlikely to have any adverse effect on the Debtors' estates and creditors.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 362(d) of title 11 of the United States Code (the "Bankruptcy Code").  The predicates for the relief requested in this Motion are 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 4001, and Del. Bankr. L.R. 4001-1.

## RELIEF REQUESTED

8.     The Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, modifying the automatic stay to allow payments and/or advancements by Debtors' insurance company of defense costs and fees that are, or will become, owing to F&P.[3]

9.     The Debtors are not asking this Court for a determination of any insurer's obligation to pay any particular expense or claim. It seeks only the entry of an order clarifying that the automatic stay does not prevent, or alternatively modifying the automatic stay to allow, the insurer to fulfill its obligations, whatever they may be, to pay the defense costs and fees related to the ADA cases based on the terms of the insurance policy, including amounts incurred both prepetition and postpetition in favor of F&P.

---

[3] For the avoidance of any doubt, the Debtors and their estates shall not be liable for any amounts due and owing to F&P.

## ARGUMENT

10.     Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if-
>
>> (A)     the debtor does not have an equity in such property; and
>>
>> (B)     such property is not necessary to an effective reorganization.

11.     Because the automatic stay is not meant to be indefinite or absolute, the Court has the authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods. Co.*, 141 BR 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. Whether "cause" exists will be determined on a case-by-case basis. *Id.* This Court has held that a single factor, such has allowing an action to proceed in another tribunal or lack of interference with the pending bankruptcy case may establish sufficient "cause." *Id. See, e.g., In re ABC Learning Centers Ltd.*, 445 B.R. 318 (Bankr. D. Del. 2010) (granting stay relief to permit prosecution of litigation against debtor in non-bankruptcy forum); *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (same); and *In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 719 (Bankr. D. Del. 1996). After a *prima facie* showing by the movant, the debtor has the burden of proving that the movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

12.     Section 362(a)(3) of the Bankruptcy Code provides for an automatic stay of any action seeking to obtain possession or exercise control over property of the bankruptcy state. It

4

is well settled that insurance policies are property of the estate and covered by the automatic stay provisions. *See MacArthur Co. v. Johns-Manville Corp.,* 872 F.2d 89 (2d Cir 1988). However, courts have distinguished between ownership of a policy and ownership of the proceeds of a policy. Where a policy provides for payment to a third party –such as payments for defense costs and legal fees- courts have held that the proceeds of such policy are not property of the bankruptcy estate. *See In re Allied Digital Techs., Corp.,* 306 B.R. 505,510 (Bankr. D. Del. 2004) (noting that proceeds of D&O insurance policy were not property of the estate).

<u>**CONCLUSION**</u>

**WHEREFORE,** the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as <u>**Exhibit A**</u>, (i) modifying the automatic stay to allow payments and/or advancements by the Debtors' insurance company of defense costs and fees that are, or will become, owing to F&P, in connection with the ADA cases; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: September 8, 2020
        Wilmington, Delaware

By: _____*/s/ Jason M. Madron*_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Jason M. Madron (No. 4431)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Counsel to the Debtors and Debtors in Possession*