# EXHIBIT A

# Liquidating Trust Agreement

# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (this "<u>Agreement</u>" or "<u>Liquidating Trust Agreement</u>")[1] is made and entered into, as of the Effective Date, between PQ New York, Inc., and its related debtor affiliates (collectively, the "<u>Debtors</u>"), the Official Committee of Unsecured Creditors (the "<u>Committee</u>," and together with the Debtors, the "<u>Plan Proponents</u>"), and Gavin/Solmonese LLC (the "<u>Liquidating Trustee</u>"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined below).

## <u>RECITALS</u>

WHEREAS, on May 27, 2020, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

WHEREAS, the Plan Proponents filed with the Bankruptcy Court the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 15, 2020 (together with all exhibits thereto, including, without limitation, the plan supplement, as the same may be amended, modified, or supplemented, the "<u>Plan</u>");

WHEREAS, On September ___, 2020, the Bankruptcy Court confirmed the Plan;

WHEREAS, this Liquidating Trust is established under and pursuant to the Plan, which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the creditors of the Debtors, each a beneficiary under the Liquidating Trust (each a "<u>Beneficiary</u>," and collectively, the "<u>Beneficiaries</u>"), and to provide those related services relating to the implementation of the Plan;

WHEREAS, under the terms of the Plan, certain assets and other property of the Debtors as of the Effective Date of the Plan (the "<u>Liquidating Trust Assets</u>") will be transferred to and held by the Trust created by this Liquidating Trust Agreement so that, among other things: (i) the Liquidating Trust Assets can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to Claims can be pursued and/or resolved by the Liquidating Trustee; and (iii) Liquidating Trustee can be made to the Beneficiaries of the Liquidating Trust in accordance with the Plan; and

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Plan and Disclosure Statement, as applicable.

## DECLARATION OF TRUST

The Debtors hereby absolutely assign to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Debtors in and to the Liquidating Trust Assets;

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Beneficiaries, and to the extent contemplated by the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article V hereof, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidating Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions herein set forth.

I        NAME; PURPOSE; LIQUIDATING TRUST ASSETS

1.1        Name of Trust.  The trust created by this Agreement shall be known as the "PQ Liquidating Trust."

1.2        Transfer of Liquidating Trust Assets.  In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their chapter 11 Estates shall be deemed to transfer, assign and convey to the Beneficiaries the Liquidating Trust Assets, followed by a deemed transfer by such Beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan.

1.3        Purposes.  The purposes of the Liquidating Trust are to hold and effectuate an orderly disposition of the Liquidating Trust Assets and to distribute or pay over the Liquidating Trust Assets or proceeds thereof in accordance with this Agreement and the Plan, with no objective or authority to engage in any trade or business.

1.4        Acceptance by the Liquidating Trustee.  The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan, including, without limitation, to accept, hold and administer the Liquidating Trust Assets, to provide administrative services relating to the implementation of the Plan and otherwise to carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein.

1.5        Valuation of Liquidating Trust Assets.  As soon as reasonably practical after the Effective Date, the Liquidating Trustee shall make or cause to be made a good faith valuation of the Liquidating Trust Assets.  Such valuation shall be made available from time to time, to the

2

extent relevant, and used consistently by all parties (including the Liquidating Trustee and the Beneficiaries) including, for the avoidance of doubt, for all federal, state, and local income tax purposes.

## II      RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE

2.1    <u>General</u>.  As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Liquidating Trust Assets and, subject to the provisions hereof and in the Plan, shall have full right, power and discretion to manage the affairs of the Liquidating Trust.  Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose hereof and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder.  On and after the Effective Date, the Liquidating Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee, to provide administrative services relating to the implementation of the Plan, and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidating Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including but not limited to the following:

(a)      To exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by the Debtors with respect to the Liquidating Trust Assets with like effect as if authorized, exercised and taken by the Debtors;

(b)      To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement Distributions to holders of Allowed Claims as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves;

(c)      To make a good faith valuation of the assets of the Liquidating Trust, as soon as reasonably practical after the Effective Date;

(d)      Subject to the applicable provisions of the Plan, to collect and liquidate all assets of the Debtors' Estates pursuant to the Plan;

(e)      To object to any Claims (Disputed or otherwise), and to defend, compromise and/or settle any such Claims prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

(f)      To make decisions, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Liquidating Trust and to pay, from the Liquidating Trust Assets, the charges incurred by the Liquidating Trust on or after the Effective Date for services of professionals, disbursements, expenses or related support services relating to the winding down of the Debtors and implementation of the Plan;

11978022/1

(g)     To cause, on behalf of the Liquidating Trust, the Debtors, and its Estates, all necessary tax returns and all other appropriate or necessary documents related to municipal, state, federal or other tax law to be prepared or filed timely;

(h)     To invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with the investment and deposit guidelines set forth in section 2.4 of this Agreement;

(i)     To collect any accounts receivable or other claims and assets of the Debtors or its estates not otherwise disposed of pursuant to the Plan;

(j)     To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Debtors or the Liquidating Trustee thereunder;

(k)     To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization(s) approved by the Liquidating Trustee, any assets that the Liquidating Trustee concludes are of no benefit to creditors of the Debtors or are too impractical to distribute;

(l)     To use Liquidating Trust Assets to purchase or create and carry all appropriate insurance policies, bonds or other means of assurance and protection of the Liquidating Trust Assets and pay all insurance premiums and other costs he or she deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee;

(m)     To implement and/or enforce all provisions of the Plan;

(n)     To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets;

(o)     To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each and every Debtors until its particular case is closed (pursuant to Section 14.2 of the Plan or otherwise), dismissed or converted**;**

(p)     To make all Distributions to holders of Allowed Claims as provided for or contemplated by the Plan;

(q)     To seek a final decree closing the Chapter 11 Cases as contemplated in the Plan; and

(r)     To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

11978022/1

Other than the obligations of the Liquidating Trustee enumerated or referred to under this Agreement or the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2    <u>Costs</u>.  On and after the Effective Date, the Liquidating Trustee shall reserve Cash reserves from the Liquidating Trust Assets to be held in a Liquidating Trust wind-down fund (the "<u>Liquidating Trust Operating Reserve</u>").  The Liquidating Trust Operating Reserve shall be used to pay Liquidating Trust Operating Expenses.  In the event that amounts held in the Liquidating Trust Operating Reserve, together with any remaining Liquidating Trust Assets, are insufficient to pay all Liquidating Trust Operating Expenses, the Liquidating Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, have no obligation under this Agreement to make such payments.

2.3    <u>Distributions</u>.

(a)    <u>Generally</u>.  Pursuant to the Plan, the Liquidating Trustee shall record and account for all proceeds received upon any disposition of Liquidating Trust Assets (after deduction therefrom of appropriate reserves as provided herein and in the Plan) for distribution in accordance with the provisions of the Plan.

(b)    <u>Manner of Payment or Distribution</u>.  After the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make continuing efforts to liquidate all Liquidating Trust Assets in accordance with the Plan and this Agreement.  If the Distribution shall be in Cash, the Liquidating Trustee shall distribute such Cash by wire, check, or such other method as the Liquidating Trustee deems appropriate under the circumstances.

(c)    <u>Delivery of Distributions</u>.  All Distributions under this Agreement shall be made at the Beneficiary's address, as set forth in the claims register maintained in the Chapter 11 Cases (subject to any transfer effectuated pursuant to Bankruptcy Rule 3001(e)) or, in the absence of a filed-proof of claim, the Schedules.  If a Distribution is returned as undeliverable, the Liquidating Trustee shall use reasonable efforts to determine such Beneficiary's then-current address.  If the Liquidating Trustee cannot determine, or is not notified of, a Beneficiary's current address within six (6) months after the Effective Date, the Distribution reserved shall be deemed an unclaimed Distribution.

(d)    <u>No Distributions of Less Than $50 On Account of Allowed General Unsecured Claims</u>.  Notwithstanding anything to the contrary in the Plan, if a Distribution to be received by the holder of an Allowed General Unsecured Claim would be less than $50, no such payment will be made to such holder.  Notwithstanding anything herein or in the Plan to the contrary, this Section 2.3(d) shall not apply to Liquidating Trust Operating Expenses or unpaid Allowed Professional Fee Claims.

(e)    <u>Leftover Funds</u>.  In the event that there are any funds remaining after payment of all Distributions, Liquidating Trust Operating Expenses, and unpaid Allowed Professional Fee Claims. are made, as contemplated hereunder, in an amount up to $5,900 the Liquidating Trustee is entitled to remit such funds as a charitable contribution to the Delaware Pro Se Bankruptcy Foundation.

5

2.4    <u>Limitations on Investment Powers of Liquidating Trustee</u>.  Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee, in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires; <u>provided</u>, <u>however</u>, that such investments are investments permitted to be made by a "Liquidating Trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

2.5    <u>Liability of Liquidating Trustee</u>.

(a)    <u>Standard of Care</u>.  Except in the case of bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, or in the case of an attorney professional and as required under Rule 1.8(h)(1) of the Delaware Lawyers' Rules of Professional Conduct, malpractice, the Liquidating Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by him or her pursuant to the discretion, powers and authority conferred, or in good faith believed by the Liquidating Trustee to be conferred, on the Liquidating Trustee by this Agreement or the Plan.

(b)    <u>No Liability for Acts of Predecessors</u>.  No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

(c)    <u>No Implied Obligations</u>.  The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

(d)    <u>No Liability for Good Faith Error of Judgment</u>.  The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

(e)    <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons</u>.  Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee also may engage and consult with legal counsel, accountants and other professionals for the Liquidating Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidating Trustee in reliance upon the advice of such counsel, agents or advisors. The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust Assets.

(f)    <u>No Personal Obligation for Trust Liabilities</u>.  Persons dealing with the Liquidating Trustee, or seeking to assert Claims against one or more of the Debtors, their Estates, or the Liquidating Trust, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement,

and neither the Liquidating Trustee nor his or her company or organization shall have a personal or individual obligation to satisfy any such liability.

2.6     <u>Selection of Agents</u>.  The Liquidating Trustee may engage any employee of the Debtors or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys (including existing counsel to the Debtors), accountants (including existing accountants for the Debtors) and other advisors and agents, in each case without Bankruptcy Court approval.  The Liquidating Trustee may pay the salaries, fees and expenses of such Persons from amounts in the Liquidating Trust Operating Reserve, or, if such amounts are insufficient therefor, out of the Liquidating Trust Assets or proceeds thereof.  In addition, the parties acknowledge that Liquidating Trust Assets may be advanced to satisfy such salaries, fees and expenses.  The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7     <u>Liquidating Trustee's Compensation, Indemnification and Reimbursement</u>.

(a)     As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated solely from the Liquidating Trust Assets as specified on **<u>Schedule A</u>** attached hereto.  The Liquidating Trustee shall also be reimbursed solely from the Liquidating Trust Assets for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of his or her duties hereunder.

(b)     The Liquidating Trustee shall be indemnified by and receive reimbursement from the Liquidating Trust Assets against and from any and all loss, liability, expense (including reasonable attorneys' fees), or damage that the Liquidating Trustee incurs or sustains, in good faith and without either gross negligence or intentional malfeasance, acting as Liquidating Trustee under or in connection with this Agreement.

(c)     The Liquidating Trustee is authorized to use Liquidating Trust Assets to obtain all reasonable insurance coverage for himself/herself, his/her agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and his/her agents, representatives, employees or independent contractors under the Plan and this Agreement.

2.8     <u>Tax Provisions</u>.

(a)     It is intended that the Liquidating Trust qualify as a grantor trust for federal income tax purposes, and that the Beneficiaries are treated as grantors.  As described more fully in the Plan and the Disclosure Statement, the transfer of the Liquidating Trust Assets will be treated for federal income tax purposes as a transfer to the Beneficiaries, followed by a deemed transfer from such Beneficiaries to the Liquidating Trust; *provided, however*, that the Liquidating Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidating Trust relating to the pursuit of Liquidating Trust Assets.  Accordingly, the Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets.  The foregoing treatment shall also apply, to the extent permitted

11978022/1

by applicable law, for state and local income tax purposes. Subject to the terms of the Plan, all items of income, gain, loss, deduction and credit will be included in the income of the Beneficiaries as if such items had been recognized directly by the Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

(b)     The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Beneficiaries to provide certain tax information as a condition to receipt of Distributions, including, without limitation, filing returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a).

(c)

(i)     Under the guidelines set forth in Revenue Procedure 94-95, 1994-2 C.B. 684 and Treasury Regulation § 1.671-4(a), the Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust.

(ii)     Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Liquidating Trust as a Liquidating Trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, as soon as reasonably practicable after the Liquidating Trust Assets are transferred to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets. Such valuation shall be made available from time to time to all parties to the Liquidating Trust Agreement and to all Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes.

(iii)     In accordance with the provisions of section 6012(b)(3) of the Internal Revenue Code of 1986, as amended, the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (federal, state and local) that the Debtors are required to file (to the extent such returns have not already been filed by the Effective Date). The Liquidating Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Liquidating Trust Assets all taxes due with respect to the period covered by each such tax return.

(d)     Attribution of Income. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), attribution of Liquidating Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidating Trust Assets are transferred to the Liquidating Trust,

8

adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(e)    <u>Current Basis</u>.  All income of the Liquidating Trust will be subject to tax on a current basis.

(f)    <u>Withholding</u>.  The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges that have been or may be imposed on such Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.  Any tax withheld shall be treated as distributed to the Beneficiary for purposes of this Agreement.

(g)    <u>Tax Identification Numbers</u>.  The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidating Trustee's satisfaction that Distributions to the Beneficiary are exempt from backup withholding.  The Liquidating Trustee may condition any Distribution to any Beneficiary upon receipt of such identification number.  If a holder of a General Unsecured Claim does not provide the appropriate Form W-8 or Form W-9 within one hundred twenty (120) days of the request by the Liquidating Trustee, then such holder shall be deemed to have forfeited its right to any reserved and future Distributions from the Liquidating Trust, any Liquidating Trust Interests held by such holder shall be deemed cancelled, and the Claims of such holder shall be forever barred.

(h)    <u>Annual Statements</u>.  The Liquidating Trustee shall annually (for tax years in which Distributions from the Distribution Trust are made) send to each Beneficiary a separate statement setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i)    <u>Notices</u>.  The Distribution Trustee shall distribute such notices to the Beneficiaries as the Distribution Trustee determines are necessary or desirable.

(j)    <u>Expedited Determination</u>.  The Liquidating Trustee may request an expedited determination of taxes of the Debtors or of the Liquidating Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, one or more of the Debtors and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

2.9    <u>Conflicting Claims</u>.  If the Liquidating Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidating Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(i)    to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to

the matter of such dispute (except, in all cases, the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved;

      (ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court or such other court of competent jurisdiction their respective Claims arising out of or in connection with this Agreement; or

      (iii)    file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.10    <u>Records of Liquidating Trustee</u>.  The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Beneficiaries shall have reasonable access to the records of the Liquidating Trust.  The Liquidating Trustee may seek to destroy records of the Debtors as set forth in Section 6.08 of the Plan.

III      RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.

a.    <u>Interests of Beneficiaries</u>.  The Beneficiaries shall have beneficial interests in the Liquidating Trust Assets as provided in the Plan.  The Beneficiaries' proportionate interests in the Liquidating Trust Assets as thus determined shall not be transferable, assignable, pledged or hypothecated, in whole or in part, except upon the death of the Beneficiary or the operation of law.

b.    <u>Interests Beneficial Only</u>.  The ownership of a beneficial interest hereunder shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting.

IV      AMENDMENT OF TRUST OR CHANGE IN LIQUIDATING TRUSTEE.

4.1    <u>Resignation of the Liquidating Trustee</u>.  The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the U.S. Trustee, provided that the Liquidating Trustee shall continue to serve as such after his or her resignation for thirty (30) days or, if longer, until the time when appointment of his or her successor shall become effective in accordance with Section 4.3 hereof.

4.2    <u>Removal of the Liquidating Trustee</u>.  The Liquidating Trustee may be removed for cause upon notice and hearing by the Bankruptcy Court.  Such removal shall be effective (10) days after entry of an order by the Bankruptcy Court removing the Liquidating Trustee for cause.  For the purposes of this Agreement, "cause" shall mean:  (a) the willful and continued refusal by the Liquidating Trustee to perform his or her duties as set forth herein; (b) gross negligence, gross misconduct, fraud, embezzlement or theft; or (c) such other cause as the Bankruptcy Court shall in good faith determine.

11978022/1

4.3    <u>Appointment of Successor Liquidating Trustee</u>.    In the event of the death, resignation, termination, incompetence or removal of the Liquidating Trustee, the Bankruptcy Court may appoint a successor Liquidating Trustee, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or his/her successor.    Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and file with the Bankruptcy Court and deliver to the predecessor Liquidating Trustee (if practicable), with notice to the U.S. Trustee, an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidating Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidating Trustee.

4.4    <u>Continuity</u>.    Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.    In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the U.S. Trustee or the successor Liquidating Trustee.

4.5    <u>Amendment of Agreement</u>.    This Agreement may be amended, modified, terminated, revoked or altered only upon:  (a) order of the Bankruptcy Court; or (b) agreement of the Distribution Trustee and the Beneficiaries, <u>provided</u>, <u>however</u>, that any such amendment, modification, termination, revocation or alteration must be consistent with the terms of the Plan and the Confirmation Order.

V    TERMINATION OF LIQUIDATING TRUST

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as:  (a) all Disputed Claims have been resolved; (b) all of the Liquidating Trust Assets have been liquidated; (c) all duties and obligations of the Liquidating Trustee under this Agreement have been fulfilled; (d) all final Distributions required under the Plan and this Agreement have been made; and (e) all of the Debtors' Chapter 11 Cases has been closed.  Upon dissolution of the Liquidating Trust, if the aggregate amount of Unclaimed Distributions and Undeliverable Distributions is less than $5,000, the Liquidating Trustee may donate such amount to Delaware Pro Se Bankruptcy Foundation.

VI    RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Assets as provided in the Plan, including, without limitation, the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.  All Beneficiaries consent to the jurisdiction of the United States District Court for the District of Delaware and the state courts sitting in Wilmington, Delaware, over all disputes related to this Agreement.

VII      MISCELLANEOUS

7.1      <u>Applicable Law</u>.   The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2      <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3      <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4      <u>Interpretation</u>.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.5      <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.6      <u>Entire Agreement</u>.  This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Agreement.

7.7      <u>Counterparts</u>.   This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.8      <u>Notices</u>.

(a)      All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing via electronic mail.

(i)      if to the Debtors:

Jason M. Madron, Esquire
Richards, Layton & Finger, P.A.
Email: <u>Madron@rlf.com</u>

(ii)    if to the Liquidating Trustee:

> Edward T. Gavin, CTP
> Jeremy Van Etten
> Gavin/Solmonese LLC
> Email: ted.gavin@gavinsolmonese.com
> Email: jeremy.vanetten@gavinsolmonese.com
>
> With a copy to
>
> Counsel for the Liquidating Trustee
>
> Robert J. Gayda, Esquire
> Catherine LoTempio, Esquire
> Seward & Kissel LLP
> Email: gayda@sewkis.com
> Email: lotempio@sewkis.com
>
> -and-
>
> Jeffrey R. Waxman, Esquire
> Brya M. Keilson, Esquire
> Morris James LLP
> jwaxman@morrisjames.com

(b)    Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

7.9    <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date.

7.10    <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, the Beneficiaries, and, subject to the provisions hereof, their respective successors and assigns.

7.11    <u>Conflict with the Plan</u>.  In the event of any conflict between the terms of this Agreement and the Plan, the terms of the Plan shall govern.

***SIGNATURE PAGE FOLLOWS***

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.

**PQ New York, Inc., and its related debtor-affiliates**

By:_____
Name:
Title:

**Gavin Solmonese, LLC, Liquidating Trustee**

_____
Name:  Edward T. Gavin, CTP
Title:  Managing Director

## SCHEDULE A

## TERMS OF COMPENSATION AND REIMBURSEMENT
## OF EXPENSES OF THE LIQUIDATING TRUSTEE

**1.    COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Beginning on the Effective Date, the Liquidating Trustee shall be employed on an hourly rate basis (which rates shall range between $125 and $750), subject to a cap on fees not to exceed $30,000 per month, plus all documented actual and reasonable expenses incurred in performing his duties as the Liquidating Trustee.

11978022/1