IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 20-11266-JTD |
| PQ New York, Inc., et al. | : | Chapter 11 |
| | : | (Jointly Administered) |
| Debtors. | : | **507, 524, 563, 564, 586, 588, and 589** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW (I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS; AND (II) SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF PQ NEW YORK, INC. AND AFFILIATED DEBTORS DATED SEPTEMBER 18, 2020**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and together with the Debtors, the "<u>Plan Proponents</u>") having filed the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020* [Docket No. 563], and the *Plan Supplement for Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020* [Docket No. 565] (the "<u>Plan Supplement,</u>" and collectively with all exhibits and any other modifications, amendments, or supplements thereto, the "<u>Plan</u>");[1] the Court having entered, on August 24, 2020, the *Order Granting the Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving the Notice Provisions*

---

[1] Capitalized terms used but not defined herein shall have the same meanings given to them in the Plan.

[Docket No. 531] (as subsequently amended by Docket No. 558, the "<u>Solicitation Procedures Order</u>"), establishing, among other things, certain solicitation and voting tabulation procedures associated with the Plan; the Notice of Hearing to Consider Approval of Disclosure Statement and Confirmation of the Chapter 11 Plan in in the national edition of the USA Today on August 27, 2020; and the Court having conducted a hearing on September 25, 2020, to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan (the "<u>Confirmation Hearing</u>"); the Court having considered: (a) the witness testimony at the Confirmation Hearing, as well as the declarations included among the exhibits admitted into evidence at the Confirmation Hearing, including the (i) *Declaration of Steven J. Fleming in Support of Debtors' Chapter 11 Petitions and First Day Motions,* if any [Docket No. 3] (the "<u>First Day Declaration</u>"); (ii) *Declaration of Steven J. Fleming in Support of Confirmation of the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020* [Docket No. 588] (the "<u>Confirmation Declaration</u>") and (iii) *Declaration of John Burlacu on Behalf of Donlin, Recano & Company, Inc. Regarding Voting and Tabulation of Ballots Accepting and Rejecting the Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated August 20, 2020* [Docket No. 586] (the "<u>Burlacu Voting Declaration</u>," and, together with the First Day Declaration, and the Confirmation Declaration, the "<u>Declarations</u>"); (b) the arguments of counsel and all evidence proffered or adduced at the Hearing, including the proffered testimony of Steven J. Fleming; (c) the resolution and settlement of any filed objections or informal comments received in opposition to the Plan; and (d) the additional filings made by the Debtor in support of the Plan, including (i) the Memorandum of Law in Support of the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated

September 18, 2020 [Docket No. 563], [Docket No. 589] (the "Confirmation Memorandum"), (ii) the affidavit of service for the Plan, the ballots and other solicitation materials [Docket No. 542] (the "Service Affidavit"); the Court being familiar with the Plan, and the relevant facts and circumstances concerning these Chapter 11 Cases; the Court having taken judicial notice of the entire docket of the Chapter 11 Cases and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during these Chapter 11 Cases; the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for voting on the Plan and asserting objections to the Plan consistent with the Solicitation Procedures Order and the Bankruptcy Code; the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Confirmation Hearing, and after due deliberation thereon, and sufficient cause appearing therefor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Findings of Fact and Conclusions of Law. The findings set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence admitted and arguments made at the hearings held before the Court during the pendency of the Chapter 11 Cases.

C.    <u>Exclusive Jurisdiction; Core Proceeding; Venue</u>. This Court has jurisdiction over the Chapter 11 Cases and to confirm the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court and in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    <u>Chapter 11 Petition</u>. On May 27, 2020 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code.

E.    <u>Eligibility for Relief</u>. The Debtors are each a proper debtor under section 109 of the Bankruptcy Code.

F.    <u>Plan Proponents</u>.  On June 11, 2020, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") formed the Committee; the Debtors and the Committee are the co- proponents of the Plan under section 1121(a) of the Bankruptcy Code.

G.    <u>Solicitation Procedures Order</u>. On August 24, 2020, the Court entered the Solicitation Procedures Order, approving the adequacy of the Disclosure Statement on an interim basis, and establishing the procedures for solicitation of the Plan.

H.    <u>Notice, Transmittal, and Mailing of Solicitation Materials</u>. As evidenced by the Service Affidavit and the Publication Affidavit, due, adequate, and sufficient notice of the Plan, and the Confirmation Hearing, together with all deadlines for objecting to and voting to accept or reject the Plan, have been provided as required by the Solicitation Procedures Order.  No other or further notice is necessary or shall be required.

I.    <u>Solicitation</u>. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

4

J. <u>Vote Certification</u>. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As evidenced by the Burlacu Voting Declaration, the only two classes eligible to vote whether to accept or reject the Plan, Classes 3 and 4, both voted to accept the Plan.

K. <u>Plan Supplement</u>. On September 18, 2020, the Debtors filed the Plan Supplement, which included the (i) the Liquidating Trust Agreement; (ii) Amended and Restated Certificate of Incorporation of Daily Bread Winddown, LLC; (iii) Amended and Restated By-Laws of Daily Bread Winddown, LLC; and (iv) a list of Executory Contracts and Leases to be Assumed.

L. All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required. Consistent with the terms of the Plan, the Debtor reserves its right to alter, amend, update, or modify the Plan Supplement before the Effective Date.

M. <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies its proponents in accordance with Bankruptcy Rule 3016(a), and the Disclosure Statement satisfies Bankruptcy Rule 3016(b).

## I. The Plan Satisfies Section 1125 of the Bankruptcy Code

N. The Plan provides holders of claims and interests in the Chapter 11 Cases with information, including among other things: (i) the circumstances that gave rise to the filing of the Debtors' bankruptcy petition; (ii) the Debtors' actions and conditions during the Chapter 11 Cases, including the sale of substantially all of the Debtors' assets, and the settlement reached among the

purchaser, the Debtors, and the Committee, (iii) the assets of the estates remaining after the sale; (iv) an estimate of the estates' liabilities; (v) the proposed treatment of claims and interests under the Plan and likely distributions to be received on account of each class of claims and interests under the Plan; (vi) an analysis as to the distributions creditors would receive from the Debtors' estates were they liquidated under Chapter 7; (vii) a summary of what remaining assets are left to be liquidated by the Liquidating Trust after the Effective Date; (viii) a disclaimer stating that no statements or information regarding the Debtors, their assets or securities are authorized, other than those included in the Plan; (ix) the relevant sources of information contained in the Plan; (x) information regarding the Liquidating Trust, including the Liquidating Trustee and its compensation; (xi) financial information necessary to allow a creditor to decide whether to approve or reject the plan; (xii) information regarding the risks being taken by the Holders of Claims and Interests prior to voting; (xiii) a description of potential avoidance actions and nonbankruptcy litigation that are Liquidating Trust Assets; (xiv) the right and ability of the Liquidating Trustee to assert,, compromise or dispose of the certain causes of action without further notice to Creditors or Interest Holders or authorization of the Bankruptcy Court; (xv) the tax consequences of the Plan; (xvi) conspicuous language containing releases of the Debtors, and third parties, exculpation and limitation of liabilities and the injunction to be entered by and in connection with the Plan; and (xvii) such other and further information that informs Holders of Claims and Interests of their rights arising from and relating to the Plan.

O.    The Plan provides holders of Claims and Interests with adequate information with respect to such Claim and Interest, to enable those holders of claims and interests sufficient information to make an informed decision whether to vote to accept or reject the plan and satisfies the requirements of Section 1125 of the Bankruptcy Code.

**II.     Compliance with Section 1129 of the Bankruptcy Code**

P.     <u>Burden of Proof</u>. The Plan Proponents have satisfied their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

Q.     <u>The Plan Complies with Section 1129(a) of the Bankruptcy Code</u>. The evidentiary record at the Confirmation Hearing, the Declarations, the contents of the Plan, the Confirmation Memorandum, and the Court's judicial notice of the complete record of the Chapter 11 Cases support the findings of fact and conclusions of law set forth herein.

R.     <u>Section 1129(a)(1)</u>. The Plan complies with section 1129(a)(1) of the Bankruptcy Code, as the Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

(i)     In accordance with section 1122(a) of the Bankruptcy Code, (a) Article IV of the Plan classifies Claims and Equity Interests into six (6) separate Classes reflecting the differing characteristics of those Claims and Equity Interests between Classes and the distinct legal rights of the holders of those Claims and Equity Interests in the separate Classes; and (b) the Claims and Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within the same Class.

(ii)    In accordance with section 1123(a)(1) of the Bankruptcy Code, Article IV of the Plan properly classifies all Claims and Equity Interests that require classification.

(iii)   In accordance with section 1123(a)(2) of the Bankruptcy Code, Section 4.03 of the Plan properly identifies and describes that Classes 1 and 2 are not impaired under the Plan, and are deemed to accept.

(iv)    In accordance with section 1123(a)(3) of the Bankruptcy Code, Section 4.03 of the Plan properly identifies and describes that Classes  3 and 4 are impaired under the Plan are entitled to vote,

(v)     In accordance with section 1123(a)(3) of the Bankruptcy Code, Section 4.03 of the Plan properly identifies and describes that Classes 5 and 6 are impaired under the Plan and are deemed to reject the Plan and not entitled to vote.

(vi)    In accordance with section 1123(a)(4) of the Bankruptcy Code, Article IV of the Plan treats each Claim or Equity Interest against the Debtors, in each respective Class, the same as each other Claim or Interest in such Class.

(vii)   In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including, without limitation, (a) the vesting of the Estates' assets in the Liquidating Trust, (b) the appointment and powers of the Liquidating Trustee, (c) the establishment and funding of the Liquidating Trust Account, and (d) the distribution to be received on account of Allowed Claims of the Liquidating Trust.

(viii)  The Charter Documents, included in the Plan Supplement, conform to section 1123(a)(6) of the Bankruptcy Code's prohibition on the issuance of non-voting equity securities.

(ix)    In accordance with section 1123(a)(7) of the Bankruptcy Code, the members of the board of directors and officers of the Debtors existing immediately before the Effective Date shall be deemed terminated and/or removed, and the Liquidating Trustee shall be the sole officer and director of the Reorganized Debtor.

(x)     Section 1123(a)(8) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not "individuals."

(xi)    Consistent with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each of the Claims in Class 1 or Class 2.

(xii)   Consistent with section 1123(b)(2) of the Bankruptcy Code, Article VII of the Plan provides for the assumption or rejection of all of the executory contracts or unexpired leases of the Debtors that have not already been assumed or rejected in the Chapter 11 Cases.

(xiii)  Consistent with section 1123(b)(3) of the Bankruptcy Code, (a) Section 6.03 of the Plan provides for the retention of Rights of Action by the Reorganized Debtor; (b) Section 8.01of the Plan provides for the pursuit of certain claim objections by the Liquidating Trustee and the Reorganized Debtor; and (c) Article XIII of the Plan provides for the comprehensive settlement of claims and controversies relating to the rights that holders of Claims or Equity Interests may have with respect to any Allowed Claims or Equity Interests or any distributions made pursuant to the Plan on account of such Allowed Claims or Equity Interests.

(xiv)   Section 1123(b)(4) of the Bankruptcy Code is not applicable because the Plan implements a reorganization of the company.

(xv)    Consistent with section 1123(b)(5) of the Bankruptcy Code, Article IV of the Plan permissibly modifies the rights of holders of unsecured claims.

(xvi)   Consistent with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, without limitation, (a) Article VIII, establishing procedures for resolving Disputed Claims and governing distributions on account of Allowed Claims; (b) Articles VI, providing for the preservation of certain causes of action, the settlement of certain claims and controversies and related releases and injunctions against certain actions; and (c) Article XII, providing for the retention of jurisdiction by the Court over certain matters after the Effective Date.

(xvii)  Section 1123(c) of the Bankruptcy Code is not applicable in the Chapter 11 Cases because the Debtors are not "individuals."

S.      <u>Section 1129(a)(2)</u>. The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code, and as set forth the Service Affidavit, the Plan Proponents have caused service of the Plan and solicitation materials as follows:

1.      In compliance with the Solicitation Procedures Order, on August 26, 2020 (the "<u>Solicitation Commencement Date</u>"), the Plan Proponents caused copies of the following materials to be transmitted to the known holders of Claims in Class 3:

    a.  a USB Flash Drive, which contained PDF files of the following documents, collectively (the "<u>USB Flash Drive</u>"):

        i.   Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated August 20, 2020 (Docket No. 524);

        ii.  Order Granting the Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order (I) Approving on an Interim Basis the Adequacy of Disclosures in the Combined Plan and Disclosure Statement, (II) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept Or Reject the Combined Plan and Disclosure Statement, and Approving the Form of Ballot and Solicitation Package, and (IV) Approving the Notice Provisions (Docket No. 531); and

        iii. Notice of Approval of Solicitation and Voting Procedures;

    b.  Notice of (I) Approval of Solicitation and Voting Procedures and (II) Hearing to Consider Approval of Disclosure Statement and Confirmation of the Chapter 11 Plan (Docket No. 533) (the "<u>Confirmation Hearing Notice</u>");

    c.  Ballot for Accepting or Rejecting the Debtors' Plan of Liquidation– for Holders of Class 3 – Convenience Unsecured Claims personalized to indicate the name and voting amount of its respective claimant;

    d.  Cover Letter to All Holders of Claims or Interests Entitled to Vote on the Plan (the "<u>Cover Letter</u>"); and

    e.  a postage pre-paid return envelope addressed to Donlin Recano & Company, Inc. (the "<u>Return Envelope</u>")

2.    In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Plan Proponents caused copies of the following materials to be transmitted to the known holders of Claims in Class 4:

      a.    The USB Flash Drive;

      b.    The Confirmation Hearing Notice;

      c.    Ballot for Accepting or Rejecting the Debtors' Plan of Liquidation– for Holders of Class 4 – General Unsecured Claims personalized to indicate the name and voting amount of its respective claimant;

      d.    The Cover Letter; and

      e.    The Return Envelope.

3.    In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Plan Proponents caused the following materials to be served on all members of Classes 1 and 2:

      a.    the Confirmation Hearing Notice; and

      b.    Notice of Non-Voting Status to Holder of Unimpaired Claims Conclusively Presumed to Accept the Plan.

4.    In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Plan Proponents caused the following materials to be served on all members of Classes 5 and 6:

      a.    the Confirmation Hearing Notice; and

      b.    Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan.

5.    In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Plan Proponents caused a copy of the Flash Drive and Confirmation Hearing Notice to be served upon all parties who entered their appearance in the Chapter 11 Cases, the top 20 unsecured creditors, or and governmental agencies, counsel for the banks or Purchaser.

6.    In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Plan Proponents caused a copy of the Confirmation Hearing Notice to be served upon the entire matrix of creditors.

7.    On September 18, 2020, the Plan Proponents filed the Plan Supplement and caused service of the Plan Supplement to be served upon all parties having entered their appearance in the Chapter 11 cases, and governmental entities.

8.    The Confirmation Hearing Notice provided due and proper notice of the Confirmation Hearing and all relevant dates, deadlines, procedures, and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the deadline to file objections to and vote on the Plan, the time,

date, and place of the Confirmation Hearing and referenced the provisions in the Plan concerning certain of the third party releases provided for in the Plan.

9.      In addition, and as disclosed in the Confirmation Hearing Notice, in compliance with the Solicitation Procedures Order, copies of the Solicitation Procedures Order, and the Plan are available through the Court's website for a charge and are available on the Debtors' website free of charge.

10.     As evidenced by Certificate of Publication [Docket No. 538], and consistent with the Solicitation Procedures Order, the Plan Proponents caused a modified version of the Confirmation Hearing Notice (the "<u>Publication Notice</u>") to be published in the national edition of the USA Today on August 27, 2020.

Based on the foregoing, the Court finds that, all persons entitled to receive notice of the Plan, and the Confirmation Hearing have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto. As such, the Debtor is in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)–(f). No other or further notice is required. Further, the Court finds that such service constitutes adequate service of the Plan and other solicitation materials on known and unknown holders of Claims and Interests.

T.      <u>Section 1129(a)(3)</u>. The Plan has been proposed by the Plan Proponents in good faith and in the belief that the proposed reorganization and establishment of the Liquidating Trust will maximize value for the Debtors' creditors. The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling the Debtors to maximize the value of their assets through liquidation and enabling the Liquidating Trustee to make distributions to creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code. As set forth in the Confirmation Declaration, the Plan is the direct result of extensive good faith, arm's length negotiations between the Debtors and the Committee and thereby reflects significant benefit to the Debtors' Estates. The Plan has been proposed with the legitimate and honest purpose

of implementing a liquidating the Debtors' assets and maximizing the value of the Estates to achieve the best interests of the Debtors' creditors. In so finding, the Court has considered the totality of the circumstances in the Chapter 11 Cases. The support for the Plan by holders of Claims in Classes 3 and 4 further demonstrates that the Plan was proposed in good faith. Finally, as described in greater detail below, the Plan's indemnification, exculpation, release, and injunction provisions are warranted, necessary, and appropriate, and are supported by sufficient consent and consideration under the circumstances of the Chapter 11 Cases as a whole and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this Circuit.

U.      Section 1129(a)(4). No payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made by the Debtor other than payments that have been authorized by an order of the Court, including without limitation by the confirmation of the Plan by this Confirmation Order. Pursuant to Section 4.02 of the Plan, such Professionals' applications for allowance of final compensation and reimbursement of expenses must be filed and served no later than forty-five (45) days after the Effective Date of the Plan.

V.      Section 1129(a)(5). The identity and affiliations of the individuals that will serve as directors and officers of the Reorganized Debtor have been disclosed in the Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the directors and officers to such offices is consistent with the interests of creditors and with public policy inasmuch as no objection to their appointment was received.

W.      Disclosure of Liquidating Trustee.    The identity and compensation of the Liquidating    Trustee    was    disclosed    in    the    Plan    Supplement,    in    satisfaction    of

section 1129(a)(5)(A)(i) of the Bankruptcy Code.   Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the Liquidating Trustee is consistent with the interests of creditors and with public policy inasmuch as no objection to the proposed Liquidating Trustee was received. Further, in accordance with section 1129(a)(5)(B), no insider will be employed or retained by the Reorganized Debtor or the Liquidating Trust.

X.    Section 1129(a)(6). The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. As such, section 1129(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

Y.    Section 1129(a)(7). Each holder of an impaired Claim or Equity Interest that has not accepted or is deemed to have not accepted the Plan will, on account of such Claim or Equity Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. *See* Liquidation Analysis attached as Exhibit A to the Plan. The Plan Proponents have demonstrated that the Plan is in the best interests of its creditors.

Z.    Section 1129(a)(8). Four (4) of the six (6) Classes under the Plan have either voted to accept the Plan, or are unimpaired under the Plan.  Holders of Claims in Classes 1 and 2 are unimpaired and deemed to accept, Holders of Claims in Classes 3 and 4 have voted to accept the Plan, and Holders of Claims and Interests in Classes 5 and 6 are deemed to reject. Nevertheless, with respect to Classes 5 and 6, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Classes.

AA.    Section 1129(a)(9). The Plan provides treatment for Allowed Administrative Claims and Allowed Priority Tax Claims that is consistent with the requirements of

section 1129(a)(9) of the Bankruptcy Code. Unless otherwise agreed to, the holder of each Allowed Administrative Claim and Allowed Priority Tax Claim will receive full payment in Cash on account of such Claim within the prompt timeframe specified in the Plan with respect to such Claims.

BB.    Section 1129(a)(10). The Burlacu Voting Declaration sets forth the tabulation of votes and demonstrates that such tabulation was conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  Further, the Court finds that, based on the foregoing, the Plan Proponents solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order, and the Plan has been accepted by Classes 3 and 4, each of which are impaired under the Plan, determined without including the acceptance of the Plan by any insider.

CC.    Section 1129(a)(11). As evidenced by the Confirmation Declaration, together with any additional evidence admitted at the Confirmation Hearing, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code. Furthermore, all funding necessary to go effective have been realized, and distributions to creditors under the Plan are not dependent on any metrics related to the Reorganized Debtor.

DD.    Section 1129(a)(12). As set forth in in Section 4.02 of the Plan, the Debtors will pay all fees required under 28 U.S.C. § 1930(a) as of the Effective Date and the Liquidating Trustee shall payment such fees after the Effective Date.

EE.    Section 1129(a)(13). The Debtor does not owe retiree benefits (as that term is defined under section 1114 of the Bankruptcy Code). Thus, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

FF.     Sections 1129(a)(14)-(16). Sections 1129(a)(14)-(16) of the Bankruptcy Code apply to individuals or nonprofit entities and are not applicable to the Chapter 11 Cases.

GG.     Section 1129(b). The Plan does not "discriminate unfairly" with respect to Classes 5 and 6, which are the only impaired Classes under the Plan that have not accepted the Plan. In addition, the Plan is "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Classes 5 and 6 because no holder of an interest that is junior to the Equity Interests in Class 5 and 6 are receiving or retaining any property under the Plan on account of such interest.

HH.     Section 1129(c). The Plan is the only plan of reorganization that has been filed in the Chapter 11 Cases and it is the only plan that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

II.     Section 1129(d). No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

JJ.     Section 1129(e). The Plan complies with section 1129(e) of the Bankruptcy Code, since the Plan complies with the applicable provisions of this title and was filed in accordance with section 1121(e) of the Bankruptcy Code.

## III.    Means for Implementation of the Plan

KK.     Implementation. The various means for implementation of the Plan, as set forth in Article X and other provisions of the Plan (collectively, the "Implementation Activities"), have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and

equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtor is indebted on the Effective Date. Pursuant to Section 6.05 of the Plan, on the Effective Date, all property of the Debtors' Estates, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests.  On and after the Effective Date, the Liquidating Trustee may use, acquire and dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions imposed by the Plan or the Confirmation Order.  The Liquidating Trustee, on and after the Effective Date, may conduct any sales or liquidations of assets on any terms it deems appropriate, without further order of the Bankruptcy Court, except as otherwise provided in the Plan or the Confirmation Order.

LL.    <u>Securities Exempt from Registration</u>. The undertakings and obligations of the Debtor pursuant to the Plan, including its undertakings and/or obligations to make distributions of securities including the issuance of the new equity in the Reorganized Debtor to the Liquidating Trustee as contemplated in the Plan, shall in each case be exempt, pursuant to section 1145 of the Bankruptcy Code, from Section 5 of the Securities Act of 1933 and from any and all federal, state, or local laws requiring the registration of the offer, sale or other distribution of such securities by the Debtors.

MM.    <u>Executory Contracts and Unexpired Leases</u>. Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, Article VII of the Plan provides for the assumption of certain agreements specified on the *Schedule of Assumed Contracts and Unexpired Leases* [Docket No. 78] (as supplemented, and as may be amended, the "<u>Schedule of Assumed Contracts and Unexpired Leases</u>"), subject to the terms of the Plan, and for

the rejection of all remaining executory contracts and unexpired leases of the Debtors. The determinations regarding the assumption or the rejection of executory contracts and unexpired leases are based on the Debtors' anticipated business plan and will aid in the implementation of the Plan, and are in the best interests of the Debtors, their Estate, and the holders of Claims and other parties in interest in the Chapter 11 Cases. The Debtors have filed and adequately served the Schedule of Assumed Contracts and Unexpired Leases identifying the executory contracts and unexpired leases to be assumed pursuant to Section 7.01 of the Plan.  Section 7.02 of the Plan provides for the rejection of all other executory contracts and unexpired leases.

NN.     No Objection to Rejection of Executory Contracts or Unexpired Leases.  Other than GRM Information Management Services, Inc., no party objected to the rejection of any executory contracts or unexpired leases pursuant to Section 7.02 of the Plan.

OO.     Injunctions, Releases, and Discharge. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524, and 1141 of the Bankruptcy Code to approve the provisions with respect to the releases, exculpation, and discharge/injunction set forth in Article IX of the Plan. The releases set forth in Article IX of the Plan represent a valid exercise of the Debtor's business judgment and accordingly are appropriate under section 1123(b)(3)(A) of the Bankruptcy Code. The releases set forth in Section 9.02 and 9.02 of the Plan are binding on all (a) Creditors who are unimpaired, (b) Creditors who returned a Ballot and did not check the opt-out box on the Ballot, and (c) Creditors who were sent a solicitation package but did not vote and did not return a Ballot with the opt-out box checked; provided further, however that the release provided in Article IX of the Plan shall not apply to any Creditor in category (c) above if the solicitation package was returned to the Debtor as undelivered, and that such Creditor did not otherwise file a ballot; and provided further, however, that the release

provided in Section 9.02 of the Plan shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or *ultra vires* acts under applicable law.  Holders of Equity Interest holders who were deemed to reject the Plan and holders of Claims who elected to opt out of such releases are deemed to have opted out of the releases set forth in Section 9.02 of the Plan as to the Released Parties. The exculpation provisions set forth in Section 9.03 of the Plan are appropriately tailored to protect the Exculpated Parties from inappropriate litigation and does not relieve any party of liability for gross negligence or willful misconduct. The Released Parties pursuant to Article IX of the Plan have contributed substantial value to the Debtor and the formulation of the Plan, including the formation of the Liquidating Trust and appointment of Liquidating Trustee.  Such Released Parties' efforts in negotiating and ultimately formulating the Plan enabled the Debtors to file the Plan. The injunction set forth in Sections 9.04 and 9.05 of the Plan comply with section 524(e) of the Bankruptcy Code and are important to the overall objectives of the Plan to finally resolve all claims against the Debtors in the Chapter 11 Cases.  Based upon the record of the Chapter 11 Cases and the evidence admitted at or prior to the Confirmation Hearing, this Court finds that the releases, discharges, injunctions, and exculpations set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law.

PP.    <u>Other Findings</u>. To permit the Liquidating Trustee to commence his duties as quickly as practicable, to promote prompt distributions under the Plan and Liquidating Trust Agreement for the benefit of creditors and because a significant number of Implementation Activities are capable of being undertaken in short order, good cause exists to support the waiver of the stay imposed by Bankruptcy Rule 3020(e).

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

1.    <u>Disclosure Statement</u>.  The Disclosure Statement is **APPROVED** on a final basis.

2.      <u>Confirmation</u>. All requirements for confirmation of the Plan have been satisfied. The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, exhibits to the Plan, the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications thereof, are expressly incorporated into, and form an integral part of, this Confirmation Order. A copy of the Plan in the form confirmed is attached hereto as **<u>Exhibit A</u>**.

3.      <u>Objections</u>. All Objections that have not been withdrawn or resolved prior to the entry of this Confirmation Order, including any with respect to the Plan, are overruled in all respects for the reasons set forth in the record of the Confirmation Hearing, which record is incorporated herein, and all withdrawn objections, if any, are deemed withdrawn with prejudice.

4.      <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.      <u>Implementation</u>. The Plan Proponents, the Reorganized Debtor, the Liquidating Trustee, and their successors are authorized and directed to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, agreements, or other documents created or executed in connection with the Plan Documents.  No later than two business days following the Effective Date, the Debtor shall close each of its open bank accounts, including its debtor-in-possession operating account.  Without further order or authorization of this Court, the Plan Proponents, the Reorganized Debtor, the Liquidating Trustee, and their successors are authorized and empowered to make all modifications to all Plan

19

Documents that are consistent with the Plan. Execution versions of the Plan Documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

6.      Effective Date. The Effective Date of the Plan shall occur on the date determined by the Plan Proponents when the conditions set forth in Section 10.02 of the Plan have been satisfied or, if applicable, waived in accordance with the Plan.

7.      Modifications or Alterations to Plan. To the extent the Plan has been modified, supplemented, or altered subsequent to solicitation, such modifications, supplements, and alterations constitute clarifications or technical changes, and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications or alterations, if any, do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

8.      Binding Effect of Plan. Subject to the occurrence of the Effective Date, the provisions of the Plan and this Confirmation Order shall be binding upon: (a) the Reorganized Debtor; (b) the Liquidating Trust and the Liquidating Trustee; (c) all Professionals and Ordinary Course Creditors; (d) any and all non-Debtor parties to judicial or administrative proceedings in which the Debtor or the Debtor is a party; (e) any and all holders of Claims or Equity Interests (irrespective of (i) whether such Claims or Equity Interests are impaired under the Plan, (ii) whether the holders of such Claims or Equity Interests accepted, rejected, or are deemed to have accepted or rejected the Plan, or (iii) whether such Claims or Equity Interests have been asserted in a filed proof of claim, proof of interest, request for administrative expense payment or

20

other pleading or filing); (f) any and all non-Debtor parties to executory contracts or unexpired leases with the Debtor or the Debtor; (g) any party that had received or may be deemed to have received notice of the Plan and the Confirmation Hearing; and (h) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing. All settlements, compromises, discharges, releases, waivers, exculpations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, discharged, exculpated, or enjoined causes of action, subject to the terms of Article IX of the Plan, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.

9.     _Distributions_. Subject to the terms of the Plan, on and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Liquidating Trustee, and the Liquidating Trustee shall be authorized to effectuate such Distributions, resolution, and treatment, of Claims as allowed under the Plan

10.    _Executory Contracts and Unexpired Leases_. The executory contract and unexpired lease provisions of Article VII of the Plan, including without limitation the deemed rejection of executory contracts and unexpired leases pursuant to Section 8.02 of the Plan, are specifically approved in all respects, are incorporated herein in their entirety, and are so ordered.  Further, this Confirmation Order shall constitute an order of the Court, pursuant to sections 365 and 1123 of the Bankruptcy Code, as of and conditioned on the occurrence of the Effective Date, approving (a) the assumption of the executory contracts and unexpired leases specified in the Schedule of

Assumed Contracts and Unexpired Leases by the Reorganized Debtor, and (b) the rejection of all remaining executory contracts and unexpired leases of the Debtors.

11.      <u>Rejection of Executory Contracts or Unexpired Leases</u>. The rejection of any executory contract or unexpired lease pursuant to the Plan or otherwise shall not constitute a termination of pre-existing obligations owed to the Debtors under such executory contract or unexpired lease by any counterparty thereto. Notwithstanding any applicable nonbankruptcy law to the contrary, the Reorganized Debtor expressly reserves and does not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties, indemnifications, and/or contributions under or in connection with such executory contract or unexpired lease. The terms of any confidentiality agreement or covenant not to compete contained therein shall survive and remain in full force and effect for the term thereof. Any such rights shall vest in the Reorganized Debtor as of the Effective Date.

12.      <u>Bar Date for Rejection Claims</u>. Claims arising out of the rejection of an executory contract or unexpired lease pursuant to Section 8.02 of the Plan must be filed with the Court on or before thirty (30) days after the Effective Date (the "<u>Rejection Damages Bar Date</u>") and served upon the parties in Section 13.08 of the Plan. Unless otherwise ordered by the Court, any such Claims not timely filed shall be forever barred.

13.      <u>Rights of Action</u>. Unless a Right of Action against any entity is expressly waived, relinquished, released, or compromised in the Plan, all Rights of Action (including, without limitation, all claims, avoidance actions, and all causes of action under chapter 5 of the Bankruptcy Code are hereby preserved for the benefit of the Reorganized Debtor to enforce, commence, pursue, or settle, as applicable, in accordance with the Plan.

14.    <u>Preserved Causes of Action</u>.  Preserved Causes of Action include all Causes of Action of one or more of the Estates that were not transferred to the Purchaser as part of the Sale pursuant to the Asset Purchase Agreement and the Sale Order, and such vest in the Liquidating Trust upon the Effective Date.

15.    <u>Exemption from Certain Taxes</u>. The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer the Plan or this Confirmation Order, may not be taxed under any law imposing a stamp tax or similar tax.

16.    <u>Effect of Confirmation Order</u>. Notice of entry of this Confirmation Order (a) shall have the effect of an order of the Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law. This Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

17.    <u>Transfers by Debtor</u>. All transfers of property of the Debtors' Estates shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order.

18.    <u>Securities Exempt from Registration</u>. To the maximum extent provided by section 1145 of the Bankruptcy Code and/or applicable non-bankruptcy law, (i) the issuance under the Plan of new equity in the Reorganized Debtor to the Liquidating Trustee and the issuance of any beneficial interests in the Liquidating Trust, shall in each case be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.  Pursuant to section 1145(c) of the Bankruptcy Code, the resale of any equity and any other securities issuable pursuant to the Plan shall be exempt from registration under the Securities

Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities, except for any restrictions set forth in section 1145(b) of the Bankruptcy Code and any restriction contained in the Plan or any documents contained therein.

19.     <u>Extinguishment of Claims and Equity Interests</u>. Except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall terminate all Equity Interests and discharge all existing debts and Claims of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Equity Interests in the Debtors shall be, and shall be deemed to be, discharged and terminated, and all holders of such Claims and Equity Interests shall be precluded and enjoined from asserting against the Debtors, the Reorganized Debtor, the Estates, the Liquidating Trust or their respective successors or assignees, or any of their respective assets or properties any other or further Claim or Equity Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

20.     <u>Indemnification Obligations</u>. Any obligation of the Debtors to indemnify, contribute, reimburse, or limit the liability of any Person, including any current or former officer or director of the Debtors, or any agent, professional, financial advisor, or underwriter of any securities issued by the Debtors, relating to any acts or omissions occurring before the Effective Date, whether arising pursuant to charter, bylaws, contract, applicable state law or otherwise, shall be canceled and discharged as of the Effective Date and, to the extent such obligation is contained

an Executory Contract, rejected, pursuant to the Plan as of the Effective Date, provided, however, that nothing herein shall affect or impair the right of (i) any such officer or director to liquidate and assert against the Estate and seek recovery therefrom on account of any timely filed claim concerning any obligation of the Debtors to indemnify, contribute, reimburse or limit the liability of any such officer or director; provided, for the avoidance of doubt, that the Reorganized Debtor shall not have any liability or any obligation to indemnify, contribute, reimburse or limit liability of any claimant in connection therewith; or (ii) the Debtors, their Estates, the Reorganized Debtor, or the Liquidating Trustee to object, dispute or otherwise contest any such claims; provided, further, however, that the Debtors, the Reorganized Debtor or the Liquidating Trust shall not have any obligation to indemnify, contribute, reimburse or limit the liability of any current or former officer or director of the Debtors in their respective capacities as such for any acts or omissions that are alleged to have occurred following the later of (i) the resignation of any such current or former officer or director, or (ii) the Petition Date.

21.    Injunction. The discharge and releases set forth in Article IX of the Plan shall also operate as an injunction permanently prohibiting and enjoining the commencement or continuation of any action or the employment of process with respect to, or any act to collect, recover from, or offset (a) any Claim discharged and released in Article IX of the Plan, or (b) any cause of action, whether known or unknown, based on the same subject matter as any Claim discharged and released in Article IX of the Plan.  Except as otherwise expressly provided in the Plan, all Persons shall be precluded and forever barred from asserting against the Debtors, their Estates, the Reorganized Debtor and the Released Parties, their successors or assigns, or their assets, properties, or interests in property any other or further Claims, or any other right to legal or equitable relief regardless of whether such right can be reduced to a right to payment, based upon

any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date.

22.     As of the Effective Date there shall be an injunction permanently prohibiting and enjoining the commencement or continuation of any action or the employment of process with respect to, or any act to collect, recover from, or offset (except for offsets exercised prior to the Petition Date) any Claim or Interest or cause of action, whether known or unknown against the Debtor, the Reorganized Debtor, and the Released Parties that are released under Section 9.4 of the Plan. Except as otherwise expressly provided in the Plan, all Persons shall be precluded and forever barred from asserting against the Debtor, their Estates, the Reorganized Debtor, and the Released Parties, their successors or assigns, or their assets, properties, or interests in property any Claims or Interests, or causes of action, or right to legal or equitable relief, regardless of whether such right can be reduced to a right to payment, based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date. The injunctions contained in Article IX of the Plan are approved and authorized in all respects.

23.     Terms of Existing Injunctions or Stays. All injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date, *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

24.     Exculpation. The Exculpated Parties, which include the Debtors and their professionals, will neither have nor incur any liability to any entity for any claims or causes of

action arising before, on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the consummation of the Plan, the Disclosure Statement, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, Confirmation or consummation of the Plan; *provided, however*, that the foregoing provisions will have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct; *provided, further*, that the Debtors will be entitled to rely upon the advice of counsel concerning their duties pursuant to, or in connection with, the above referenced documents, actions or inactions. The exculpations contained in Section 9.3 of the Plan are approved and authorized in all respects.

25.    <u>Releases</u>.  As of the Effective Date, for good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby acknowledged and confirmed, the Debtors will be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever provided a full discharge, waiver and release to the Released Parties and their respective related parties (and each such Released Party and their respective related parties so released shall be deemed forever released and waived by the Debtor) and their respective properties from any and all released claims that the Debtors and their respective related parties would have been legally entitled to assert in their own right, on behalf of one another, or on behalf of another party against the Released Parties or their respective related parties; *provided, however*, that the foregoing provisions of this release shall not operate to waive or release (i) the rights of the Debtors or the

Reorganized Debtor to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan or assumed pursuant to the Plan or assumed pursuant to final order of the Bankruptcy Court; and/or (ii) any defenses against third parties.

26.    This Confirmation Order permanently enjoins the commencement or prosecution by any person or entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released pursuant to the releases contained in Article IX of the Plan.

27.    To the extent allowed by applicable law, on, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Debtors, their Estates, the Reorganized Debtor and the Released Parties shall be forever released from any and all claims, obligations, actions, suits, rights, debts, accounts, causes of action, remedies, avoidance actions, agreements, promises, damages, judgments, demands, defenses, or claims in respect of equitable subordination, and liabilities throughout the world under any law or court ruling through the Effective Date (including all claims based on or arising out of facts or circumstances that existed as of or prior to the Effective Date, including claims based on negligence or strict liability, and further including any derivative claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, their Estate, or the Reorganized Debtor would have been legally entitled by applicable law to assert in its own right, whether individually or collectively); provided however that with respect to the Released Parties, the foregoing release is granted only by the (a) Creditors who are Unimpaired, (b) Creditors who returned a Ballot and did not check the opt-out box on the Ballot, and (c) Creditors who were sent a solicitation package but did not

vote and did not return a Ballot with the opt-out box checked, have or may have against any of the Released Parties in any way related to the Chapter 11 Cases or the Debtors (or their predecessors); provided further, however that the release provided in this section in favor of the Released Parties shall not apply to any Creditor in category (c) above if the solicitation package was returned to the Debtors as undelivered, and that such Creditor did not otherwise file a ballot; provided further, however, that with respect to the Released Parties, the release provided in Article IX in the Plan, shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or *ultra vires* acts under applicable law. No compliance with or reliance on the applicable law or the orders of the Bankruptcy Court shall be deemed or permitted to be judged, declared, or ruled to be in any way wrongful, in bad faith, *ultra vires*, inequitable or otherwise subject to any sanction or punishment, all of which are preempted, superseded and negated by the Plan to the maximum extent permitted by applicable law.

28.     The releases contained in Sections 9.01 and 9.02 of the Plan are approved and authorized in all respects.

29.     <u>Limitation of Liability</u>. The Debtors, their Estates, the Reorganized Debtor, and the Released Parties shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

30.     <u>Vesting of Property and No Successor Liability</u>. Pursuant to section 1141 of the Bankruptcy Code and Section 6.05 of the Plan, except as otherwise provided in this Plan, on the Effective Date, all property of the Debtors' Estates, shall vest in the Liquidating Trust, free and clear of all Claims, liens, charges, other encumbrances, Interests or other interests. On and after the Effective Date, the Liquidating Trustee may use, acquire and dispose of property and

compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions imposed by the Plan or the Confirmation Order.  The Liquidating Trustee, on and after the Effective Date, may conduct any sales or liquidations of assets on any terms it deems appropriate, without further order of the Bankruptcy Court, except as otherwise provided in the Plan or the Confirmation Order.

31.    _General Administrative Claim Bar Date Provisions_. Unless previously filed or as otherwise governed by a bar date order or in another order of the Court or pursuant to the Plan with respect to Ordinary Course Liabilities, requests for payment of Administrative Claims must be filed with the Court and served on the parties identified in Section 13.12 of the Plan by the Administrative Claim Bar Date, which shall be the first Business Day that is thirty (30) days after the Effective Date.  Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Reorganized Debtor, the Liquidating Trust, or their respective property. Objections to any requests for payment of Administrative Claims must be asserted by the Claim Objection Deadline.

32.    _Professional Compensation_. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases, for the period through the Effective Date, no later than forty-five (45) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed and served on the Debtor, the Liquidating Trustee, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the date

the application is filed, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Reorganized Debtor subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

33.     28 U.S.C. § 1930 Fees.  All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtor on or before the Effective Date. From and after the Effective Date, the Liquidating Trust shall be responsible for payment of the fees assessed against the Reorganized Debtor's Estate until such time as the Chapter 11 Case is closed, dismissed or converted. Notwithstanding anything to the contrary in this Plan, the U.S. Trustee shall not be required to File a proof of Claim for administrative expenses.

34.     Approval of Liquidating Trust. The establishment of the Liquidating Trust in accordance with the terms of the Plan and the Liquidating Trust Agreement is hereby authorized and approved in accordance with their respective terms. Notwithstanding any other provision of this Confirmation Order, the Plan, the Plan Supplement or the Liquidating Trust Agreement (as each may have been or may be amended) to the contrary, effective immediately upon entry of this Order (and prior to the Effective Date)

35.     Appointment of Liquidating Trustee. Gavin/Solmonese LLC is hereby appointed to serve as the Liquidating Trustee on the terms set forth in this Confirmation Order, the Plan, and the Liquidating Trust Agreement.

36.     Authorization, Duties, and Powers of Liquidating Trustee. The Liquidating Trustee is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate and consummate the Plan, this Confirmation Order, and the Implementation

Activities contemplated thereby and hereby, including, without limitation, all of the procedures and undertakings specified in Article X of the Plan.

37.    <u>Liquidating Trustee Bond</u>. The Liquidating Trustee shall not be required to post a bond or other security in connection with its obligations under this Liquidating Trust Agreement.

38.    <u>Compensation of Liquidating Trustee</u>. The Liquidating Trustee shall receive compensation on an hourly rate basis, subject to a monthly cap of $30,000, plus all documented actual and reasonable expenses incurred in performing its duties as the Liquidating Trustee.  All of the foregoing compensation and expense reimbursements shall be paid from the Liquidating Trust without further order of the Court, subject to the terms and conditions of the Liquidating Trust Agreement.

39.    <u>Directive in Furtherance of Plan</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized and directed to accept any and all documents, releases, mortgages and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

40.    <u>Binding Effect of Prior Orders and Agreements</u>. To the maximum extent permitted pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors, and all motions or requests for relief by the Debtors shall be binding upon and shall inure to the benefit of the Reorganized Debtor and the Liquidating Trustee.

41.    <u>Final Order</u>. The fourteen (14) day stay of this Confirmation Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e). This

Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

42.    <u>Effect of Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification or *vacatur* shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtor's or the Liquidating Trustee's receipt of written notice of such order. Notwithstanding any such reversal, modification or *vacatur* of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or *vacatur* shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

43.    <u>Notice of Confirmation and Effective Date</u>. Promptly following the occurrence of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Liquidating Trustee is directed to serve a notice of the entry of this Confirmation Order, the establishment hereunder of bar dates for certain Claims (including the Administrative Bar Date and the Rejection Damages Bar Date) and the occurrence of the Effective Date, substantially in the form of **Exhibit B** attached hereto and incorporated herein by reference (the "<u>Confirmation and Effective Date Notice</u>"), on all parties that received the Confirmation Hearing Notice.

44.    <u>Insurance</u>. Notwithstanding anything to the contrary in the Plan, Confirmation Order, Plan Supplement, the Sale Documents, any other document related to any of the foregoing (including, without limitation, any other provision that purports to be preemptory or supervening), all Insurance Policies (including any and all letters of credit and other collateral and security

provided in relation thereto) shall remain in full force and effect and nothing shall alter or modify the terms thereof or the coverage provided thereby such that the Insurers and the Debtors (and after the Effective Date, the Liquidating Trust) shall remain liable in full for any obligations under the Insurance Policies regardless of whether such obligations arise before or after the Effective Date and without the need for an Insurer to file a proof of Claim or an Administrative Claim.

45.    <u>Director and Officer Insurance Policies</u>.  For the avoidance of doubt, to the extent not already paid by the Debtors prior to the Effective Date, the Liquidating Trustee shall satisfy in full any Allowed Administrative Claims relating to the D&O Insurance Policies in the ordinary course when such Allowed Administrative Claims become due and payable.

46.    <u>Setoff Rights</u>.  Notwithstanding anything to the contrary, nothing shall modify the rights, if any, of any holder of Claims or any current or former party to an Executory Contract or Unexpired Lease, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, (i) the ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease(s) with the Debtors, or any successors to the Debtors, under the Plan; (ii) assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation; or (iii) assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtors or any successors of the Debtors, including the Liquidating Trust.

47.    <u>Rejection of Document Storage Agreement, Destruction of Certain Records, Claims of GRM Information Management Services, Inc.</u>  For purposes of clarification, pursuant to Section 7.02 of the Plan, the Document Storage Agreement, as amended (the "<u>GRM Agreement</u>"), between  GRM Information Management Services, Inc. ("<u>GRM</u>") and one or more of the Debtors is hereby rejected pursuant to section 365 of the Bankruptcy Code, and

notwithstanding Section 6.08 of the Plan, and GRM shall be authorized to dispose of the Debtors'
records, whether owned by the Debtors or the Purchaser, that remain in GRM's possession, and
such disposition or destruction will be done in compliance with applicable privacy laws and a
commercially reasonable manner.  The Debtors and their bankruptcy estates and Purchaser shall
have no further rights, claims or interest in the documents and records subject to the GRM
Agreement. GRM shall have an Allowed Administrative Expense Claim in the amount of
$8,397.82 for all storage expenses arising under the GRM Agreement arising from the Petition
Date through June 30, 2020, which shall be subject to the rights of the Debtors and/or the
Liquidating Trustee to object.  All other rights and claims of the Debtors and its Estates and GRM
with respect to all other Claims, are expressly reserved.

48.    Plan and Confirmation Order Govern. Without intending to modify any prior order
of this Court (or any agreement, instrument, or document addressed by any prior order), in the
event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument,
or document intended to implement the provisions of the Plan, on the other, the provisions of the
Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or
document); *provided, further,* that, for the avoidance of doubt, in the event of any inconsistency
between the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order
shall govern.

49.    Closure of Case.  Pursuant to Section 6.13 of the Plan, the Liquidating Trustee shall
file a certification of counsel seeking entry of an Order authorizing the Clerk of the Bankruptcy
Court to close all of the Bankruptcy Cases, other than the Bankruptcy Case of PQ New York, Inc.,
without need for further notice or Order of the Court.

50.    <u>Returned Distributions</u>.    In the event that, after a reasonable effort by the Liquidating Trustee, any distributions to be made under the Plan cannot be delivered to the holder of a Claim, the Liquidating Trustee may donate such funds in an aggregate amount of up to $5,000 to the Credit Abuse Resistance Education program at any time prior to the closure of the Bankruptcy Case.  In the event that the amount of such undeliverable funds aggregates more than $5,000, the Liquidating Trustee shall make an additional pro rata distribution to creditors on account of those Claims whose prior distributions were delivered.

51.    <u>Jurisdiction</u>. The assets and affairs of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Confirmation Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases to the fullest extent that is legally permissible.

**Dated: September 25th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**