**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| Daily Bread Winddown, LLC, | ) Case No. 20-11266 (JTD) ) |
| Reorganized Debtor. | ) **Obj. Deadline: March 19, 2024 at 4:00 p.m. (ET)** <br> ) **Hearing Date: March 26, 2024 at 10:00 a.m. (ET)** |

**MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER (I) ENTERING A FINAL DECREE AND CLOSING THE OPEN DEBTOR CASE; (II) AUTHORIZING THE DESTRUCTION AND ABANDONMENT OF BOOKS AND RECORDS; (III) TERMINATING THE REMAINING RESPONSIBILITIES OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS AGENT; (IV) AUTHORIZING THE CANCELLATION OF UNCLAIMED DISTRIBUTIONS; AND
(V) GRANTING SUCH OTHER RELATED RELIEF**

Gavin Solmonese LLC, as liquidating trustee ("Liquidating Trustee"), for the liquidating trust of PQ New York, Inc. ("Liquidating Trust"), hereby moves ("Motion") for entry of an order (i) issuing a final decree closing the Open Debtor Case, (ii) authorizing the Liquidating Trustee, in its sole discretion, to destroy the books and records of the Debtors still held in the possession of the Liquidating Trust and its professionals and contractors, (iii) terminating the remaining services of Donlin, Recano & Company, Inc. ("Claims Agent") as claims agent in the Chapter 11 Cases (defined below), (iv) authorizing the cancellation of any outstanding unclaimed distributions, and (v) granting such other and further related relief required herein and deemed appropriate by the Court. In support of the Motion, the Liquidating Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware ("Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Article XII of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

16493104/3

2.  The Liquidating Trustee consents to the entry of a final order by the Court in connection with the Motion to the extent it is later determined that this Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  The statutory and legal predicates for the relief requested herein are sections 105(a), 350, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 ("Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules").

## BACKGROUND

4.  On May 27, 2020 ("Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned cases ("Chapter 11 Cases"). From and after the Petition Date, the Debtors continued to operate as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.  Information regarding the Debtors' history and business operations, their capital structure and indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Steven J. Fleming in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 3] filed on the Petition Date, the entirety of which is incorporated herein by reference.

6.  On September 25, 2020, the Court entered its *Findings of Fact and Conclusions of Law (I) Approving Disclosure Statement on a Final Basis; and (II) Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020* ("Confirmation Order") [Docket No. 597], confirming the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020*, ("Plan") [Docket No. 563] and the

2

*Plan Supplement for Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020* [Docket No. 565] ("Plan Supplement," and collectively with all exhibits and any other modifications, amendments, or supplements thereto, the "Plan")[1], pursuant to section 1129 of the Bankruptcy Code and approving all documents included in the Plan Supplement necessary to implement the Plan.

7. The confirmed Plan provides for the consolidation of Allowed Claims against all Debtors for purposes of voting on and distributions under the Plan. *See* Plan, § 6.07.

8. The Plan contained a release ("Third Party Release") by all Claimants who did not elect to "opt-out" of the Third Party Release. *See* Plan § 9.02

9. Pursuant to paragraph 35 of the Confirmation Order, as of the Effective Date, Gavin/Solmonese LLC, was appointed as the Liquidating Trustee pursuant to the terms of the Liquidating Trust Agreement ("LTA"), the form of which was filed with the Court as part of the Plan Supplement. The Confirmation Order further authorized the Liquidating Trustee to enter into and perform under the LTA. *See* Confirmation Order, ¶ 36.

10. On September 30, 2020 (the "Effective Date"), the Debtors and the Liquidating Trustee executed the LTA and the Plan was declared effective. *See Notice of (I) Entry of Order Confirming, And Occurrence of Effective Date of Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of PQ New York, Inc. and Affiliated Debtors Dated September 18, 2020; and (II) Certain Releases and Injunction Thereunder* [Docket No. 604].

11. On the Effective Date, except as otherwise provided in the Plan, the assets of the respective Debtors' estates were transferred to and vested in the Liquidating Trust. *See* Plan, § 6.05.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Plan.

16493104/3

12. Since its establishment, the Liquidating Trust has liquidated substantially all the Debtors' remaining assets. The Liquidating Trustee has determined that the proceeds from the Debtor's remaining assets are insufficient to make a distribution beyond holders of Allowed Administrative Claims. The Liquidating Trustee has reconciled all Claims filed against the Debtors and accordingly does not believe there are any material remaining Disputed Claims that are eligible for a distribution.

13. On September 30, 2020, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 605], closing all non-lead Debtor cases and leaving only the Reorganized Debtor's case open ("Open Debtor Case").

14. On March 5, 2024, the Liquidating Trust made its first and final distribution ("Distribution") to Holders of Allowed Administrative Claims in the aggregate amount of approximately $25,000.00, equaling 100% of each Holder's Allowed Administrative Claim. The Distribution represents payment in full of Allowed Administrative Claims, as compromised.

15. The Liquidating Trustee and its professionals and contractors continue to maintain possession of records relating to the Debtors and their prior business operations, including, but not limited to, correspondence, records, financial data, and other files maintained in connection with claims, plan confirmation, litigation claims, and various other matters (collectively, "Books and Records").

16. As of the date hereof, the Plan has been substantially consummated and there are no remaining tasks that need to be completed under the Plan for which Court oversight is still necessary. Specifically, there is currently no activity pending before the Court in the Chapter 11 Cases.

17. The Liquidating Trustee therefore believes that the Open Debtor Case has been fully administered and should be closed. As such, the Liquidating Trustee requests that the Court issue a final decree closing the Open Debtor Case in order to relieve the Court, the Office of the

United States Trustee for the District of Delaware ("United States Trustee"), and the Liquidating Trust of the administrative burdens relating to the Open Debtor Case, and to allow the Liquidating Trustee to cease incurring further quarterly fees under 28 U.S.C. § 1930 with respect to the Open Debtor Case.

18. Pursuant to the Plan, distributions that are not claimed within ninety (90) days after the date of the distribution shall be deemed to be unclaimed property under § 347(b) of the Bankruptcy Code and shall vest or revest in the Liquidating Trust, and the Claims with respect to which those distributions are made shall be automatically cancelled. All funds or other property that vest or revest in the Liquidating Trust shall be distributed by the Liquidating Trustee in accordance with the Plan and LTA.

## RELIEF REQUESTED

19. The Liquidating Trustee requests that this Court enter an order: (i) granting a final decree after closing the Open Debtor Case, (ii) authorizing the Liquidating Trustee, in its sole discretion, to destroy the Books and Records, if any, still held in possession of the Liquidating Trust, and its professionals and contractors, (iii) terminating the remaining services of the Claims Agent, (iv) authorizing the cancellation of any outstanding unclaimed Distributions, and (v) granting such other and further relief requested herein and deemed appropriate by the Court.

## BASIS FOR RELIEF

**I.    Entry of Final Decree**

20. Section 350 of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, pursuant to Local Rule 3022-1, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered

5

provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1.

21. The term "fully administered" is not defined by the Bankruptcy Code or in the Bankruptcy Rules. The 1991 Advisory Committee Notes to Bankruptcy Rule 3022 state that a bankruptcy court should consider the following factors in deciding whether to close a chapter 11 case: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has in fact been transferred; (d) whether the debtor or the successor to the debtor has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been resolved. *See* Advisory Committee's note to Fed. R. Bankr. P. 3022.

22. The enumerated factors are intended to serve as a guide to assist in the determination of whether to close a case and satisfaction of all factors is not required as a prerequisite to the closure of a case. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (citing *In re Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990)).

23. In addition to the factors identified by the Advisory Committee, courts will also consider whether the plan has been substantially consummated in order to determine whether a final decree may be entered. *See, e.g.*, *In re Taylor-Wharton Int'l LLC*, No. 09-14089 (BLS), 2014 WL 4810042 (Bankr. D. Del. Aug. 14, 2014).

24. Section 1101(2) of the Bankruptcy Code defines substantial consummation as follows: (i) transfer of all or substantially all of the property proposed by the plan to be transferred; (ii) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (iii) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

25. Here, under the previously articulated standards, the Open Debtor Case is both fully administered and substantially consummated such that the Open Debtor Case may be closed, and a final decree may be entered.

26. All property to be transferred under the Plan has been transferred, or will be transferred upon entry of, or shortly after entry of, an order approving this Motion. Furthermore, the Liquidating Trust assumed the administration of the property addressed by the Plan upon entry of the Confirmation Order and Effective Date of the Plan. The Liquidating Trustee does not believe that there are any remaining Disputed Claims that are eligible for a distribution, and the Liquidating Trustee believes that, as of the date hereof, all motions, contested matters, and other proceedings that were before the Court with respect to the Open Debtor Case, have been, or will be resolved, before, or shortly after, the Court's consideration of this Motion.

27. On March 5, 2024, the Liquidating Trustee filed the Chapter 11 Post-Confirmation Quarterly Summary Report with respect to the reporting periods ending September 30, 2023, and December 31, 2023 ("Prior Reporting Period"). Shortly thereafter, the Liquidating Trustee paid all quarterly fees due to the United States Trustee under 28 U.S.C. § 1930 ("United States Trustee Quarterly Fees") for the Prior Reporting Period and certain amounts due from preceding periods. As a result of this payment, the Liquidating Trustee believes there are no United States Trustee Quarterly Fees due and owing as of the filing of this Motion. In connection with the closing of the Open Debtor Case, the Liquidating Trustee will pay any United States Trustee Quarterly Fees due and owing for the period from the end of the Prior Reporting Period through and including the entry of the proposed order ("Proposed Order"), in the manner provided for in the Proposed Order, attached hereto as **Exhibit A**. Thus, the Liquidating Trustee does not intend for the Open Debtor Case to be open for purposes of any administration past March 30, 2024.

28. For the reasons stated herein, the Liquidating Trust submits that the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code and the

Open Debtor Case has been fully administered within the meaning of Section 350 of the Bankruptcy Code. Therefore, the Liquidating Trust respectfully submits that the Final Decree should be entered and the Open Debtor Case closed on the Court's docket.

**II.     Destruction or Abandonment of Books and Records**

29.     Pursuant to Section 554(a) of the Bankruptcy Code, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). "The trustee's power to abandon property is discretionary and is bounded only by that of the court." *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (internal citations and quotations omitted). Courts defer to the trustee's judgment and will approve abandonment of property if the court finds the trustee made: "1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (*citing In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993)) (quotations omitted).

30.     Courts have authorized debtors to destroy or abandon books and records in other cases where such books and records were burdensome or of inconsequential value to the estate. *See, e.g.*, *In re Xpedior Inc.*, 354 B.R. 210, 221 (Bankr. N.D. Ill. 2006) (authorizing plan trustee to destroy all books and records because, among other things, "all the Debtors' assets [were] liquidated . . . [and] there exist[ed] no business purpose for retaining the Debtors' books and records . . . .").

31.     Through this Motion, the Liquidating Trustee requests Court approval to destroy and/or abandon Books and Records, if any, still in its, or its professionals' or contractors' respective possession or control.

### III. Termination of the Claims Agent

32.     The Liquidating Trust also seeks entry of an order relieving the Claims Agent of its remaining duties in the Chapter 11 Cases and authorizing the Claims Agent to terminate its website for the Chapter 11 Cases. As the Plan has gone effective and the Open Debtor Case has been fully administered, these Chapter 11 Cases have substantially concluded. Since the Claims Agent has already completed its responsibilities under Local Rule 2002-1(f), there are no further duties for the Claims Agent to perform. Consequently, the Liquidating Trust submits that this requested relief is appropriate and requests that an order be entered terminating the remaining services of the Claims Agent.

### IV. Cancellation of Uncashed Checks

33.     Pursuant to the Plan, any unclaimed distributions shall revert to the Liquidating Trustee if it is not claimed by the Holder within ninety (90) days after the date of such Distribution. If such Cash or other property is not claimed on or before such date, the Distribution made to such Holder shall be deemed to be reduced to zero (0) and such Unclaimed Distributions shall be deemed unclaimed property under § 347(b) of the Bankruptcy Code.

### V. Filing of Final Report Pursuant to Local Rule 3022-1(c)

34.     Consistent with Local Rule 3022-1(c), which requires a debtor to file a final report at least fourteen (14) days prior to a hearing on a motion to close a chapter 11 case, the Liquidating Trustee will file a Verified Final Report Pursuant to Local Rule 3022-1(c) at least fourteen (14) days before the March 26, 2024, hearing.

### NOTICE

35.     Notice of this Motion will be given to: (i) the Office of the U.S. Trustee; and (ii) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is required.

**WHEREFORE**, the Liquidating Trustee respectfully requests this Court enter an order and final decree, substantially in the form attached hereto granting the relief requested and such other and further relief as may be just and proper.

Dated: March 5, 2024                              **MORRIS JAMES LLP**

*/s/ Jason S. Levin*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Jason S. Levin (DE Bar No. 6434)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com
E-mail: jlevin@morrisjames.com

-and-

**SEWARD & KISSEL LLP**
Robert J. Gayda (admitted *pro hac vice*)
Catherine V. LoTempio (admitted *pro hac vice*)
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
E-mail: gayda@sewkis.com
E-mail: lotempio@sewkis.com

*Counsel for the Liquidating Trustee*